UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DMJ ASSOCIATES, L.L.C.,

        Plaintiff

  -against-

CARL A. CAPASSO, *et al.*,

        Defendants.
----------------------------------------------------------------X
EXXON MOBIL CORPORATION and QUANTA
RESOURCES CORPORATION,

        Third-Party Plaintiffs,

-against-

ACE WASTE OIL, INC., *et al.*,

        Third-Party Defendants.
----------------------------------------------------------------X

MEMORANDUM
AND ORDER

97 CV 7285 (DLI) (RML)

      Third-party plaintiffs Exxon Mobil Corporation and Quanta Resources Corporation ("TPPs") move pursuant to Rule 15 of the Federal Rules of Civil Procedure for an order granting leave to serve and file a Third Amended Third-Party Complaint ("Third Amended Complaint"). The third-party defendants ("TPDs") oppose the motion. I held oral argument on October 25, 2007. For the reasons explained below, the motion is granted.

## BACKGROUND

      The court assumes familiarity with the facts of this action and the original litigation from which it arose. Briefly, DMJ Associates, LLC ("DMJ") brought the underlying action alleging that contamination at the site of defendant Quanta's Long Island City refining facility had migrated to the Capasso Property, in which DMJ had

acquired a security interest. After extensive litigation, the parties entered into a settlement agreement in which the settling defendants agreed to pay certain sums to DMJ and to undertake certain cleanup activities. "The settling defendants then assigned certain of their rights to the [TPPs] . . . who brought the instant third-party action." (Memorandum of Law in Support of Motion for Leave to File a Third Amended Third-Party Complaint, dated Aug. 1, 2007 ("TPPs Mem."), at 2.) The third-party action sought, *inter alia*, recovery for their response costs under Section 113 (f) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.* ("CERCLA"), New York common law, and Section 1401 of the New York C.P.L.R.

The proposed Third Amended Complaint would, *inter alia*, add a cause of action to recover response costs under CERCLA § 107(a). The TPDs oppose the amendment as untimely and burdensome.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a motion to amend should be denied if there is an "apparent or declared reason – such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). The decision to grant or deny leave to amend is within the discretion of the court. See Green v. Dep't of Correction, No. 97 Civ. 6652, 1999

WL 710782, at *2 (S.D.N.Y. Sept. 13, 1999); General Elec. Capital Fin., Inc. v. Bank Leumi Trust Co., No. 95 Civ. 9224, 1999 WL 33029, at *4 (S.D.N.Y. Jan. 21, 1999); Brown v. R.D.F. Transp. Corp., No. 95 CV 2056, 1998 WL 713807, at *1 (E.D.N.Y. Oct. 7, 1998).

In evaluating the proposed amendments, the court applies the same standards as those governing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991) (court need not allow amendment "if it does not state a claim upon which relief can be granted"), superseded on other grounds, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993); Mercury Time, Inc. v. Gruen Mktg. Corp., No. 97 CV 0020, 1999 WL 342299, at *11 (E.D.N.Y. May 26, 1999) (same); Brown, 1998 WL 713807, at *2 (same).

The TPPs argue that their motion to amend is timely, as it was unclear until the Supreme Court's decision in United States v. Atlantic Research Corp., 127 S. Ct. 2331 (June 11, 2007), that the TPPs had a cause of action under CERCLA § 107(a) and were not limited to bringing their claim under CERCLA § 113(f). According to the TPPs, prior to the decision in Atlantic Research, courts were divided as to whether a potentially responsible party ("PRP") could recover its response costs from other responsible parties under § 107(a). The TPPs point to the Second Circuit's decision in Bedford Affiliates v. Sills, 156 F.3d 416, 423-29 (2d Cir. 1998), in which the court held that a PRP could not proceed against other PRPs under § 107(a) but only under § 113(f). The TPDs disagree, relying on Consolidated Edison Co. of New York, Inc. v. UGI

Utilities, Inc., 423 F.3d 90 (2d Cir. 2005) ("Con Ed"), in which the Second Circuit held that "a party that has not been sued or made to participate in an administrative proceeding, but, if sued, would itself be liable under section 107(a) . . . may still recover necessary response costs incurred voluntarily" under § 107(a). Id. at 102-03.

However, as the TPPs correctly note, Con Ed applies to parties who, unlike the third-party plaintiffs in this case, have *not* been sued under § 107(a). Because the Second Circuit declined to overrule or modify its decision in Bedford Affiliates, the law in this circuit was at best unsettled as to parties, like the TPPs, that have previously been sued under § 107(a). However, even if the TPPs misread the Second Circuit's intentions in Con Ed, their interpretation of the case was not unreasonable, and they moved swiftly to amend their complaint after the Supreme Court's decision in Atlantic Research. Thus, the amendment is not untimely.

The TPDs further argue that the proposed Third Amended Complaint would unduly prejudice them by requiring them to expend significant additional resources to conduct discovery and prepare for trial, delay the resolution of this case and expose them to additional potential liability. I respectfully disagree. Having reviewed the pleadings, I am persuaded that the proposed amendment offers an additional theory for recovering the response costs the TPPs sought under § 113 in their Second Amended Complaint. There is no specific evidence before me that significant additional discovery would be needed for this alternative legal theory. Finally, discovery is still at a preliminary stage. No depositions have been noticed, and the deadline for completion of Phase I discovery in the amended Case Management Order is still months away.

## CONCLUSION

For the foregoing reasons, and because it is well established that leave to amend shall be freely granted, the third-party plaintiffs' motion to amend is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
      November 27, 2007

                                      /s/
                        ROBERT M. LEVY
                        United States Magistrate Judge