```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DMJ ASSOCIATES, L.L.C.,                          :     **MEMORANDUM AND**
                    Plaintiff,                   :     **ORDER ADOPTING**
                                                 :     **REPORT & RECOMMENDATION**
                                                 :     97 CV 7285 (DLI) (RML)
            -against-                            :
                                                 :
CARL A. CAPASSO, et al.,                         :
                                                 :
                    Defendants.                  :
------------------------------------------------------------x
EXXON MOBIL CORPORATION and                      :
QUANTA RESOURCES CORPORATION,                    :
                                                 :
        Defendants/Third Party Plaintiffs,       :
                                                 :
            -against-                            :
                                                 :
ACE WASTE OIL, INC., et al.,                     :
                                                 :
        Third Party Defendants.                  :
                                                 :
------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

      In the underlying action, DMJ Associates, L.L.C. ("DMJ") sought damages under numerous federal statutes and New York public nuisance law, for defendants' activities engaged in that allegedly contaminated or threatened to contaminate properties for which DMJ held defaulted mortgages. DMJ settled with numerous defendants in a confidential settlement agreement ("Settlement Agreement"). On June 27, 2005, Magistrate Judge Robert M. Levy issued an order dismissing the case, but retaining limited jurisdiction to entertain disputes that may arise under the Settlement Agreement. (Docket Entry No. 798.) Exxon Mobil Corporation and Quanta Resources Corporation, two settling defendants, then filed a complaint as third-party plaintiffs ("TPPs") against

1

numerous third-party defendants ("TPDs"), asserting, among other claims, a claim for contribution under Section 1401 of the New York Civil Practice Law and Rules ("§ 1401 contribution claim", Count IV). The TPDs moved to dismiss the § 1401 contribution claim contending that TPDs waived their right to contribution as set forth in N.Y. General Obligation Law § 15-108(c). On June 25, 2008, Judge Levy issued a report recommending the dismissal of the § 1401 contribution claim. (*See* Report and Recommendation ("R&R"), Docket Entry No. 1256.) The court reviewed the TPPs' objections to the R&R. For the reasons set forth more fully below, the court adopts the R&R in its entirety.[1]

## DISCUSSION

**I.      Standard of Review**

District courts may adopt the portions of a magistrate judge's report to which the parties do not object and with which the court finds no clear error. *See* Fed. R. Civ. P. 72(b); *see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). District courts review *de novo* the portions of reports to which parties object. *See* Fed. R. Civ. P. 72(b). However, when "a party's objections are simply a regurgitation of the arguments [it] made to the magistrate judge . . . the report and recommendation is reviewed by the district judge for clear error." *Gee Chan Choi v. Jeong-Wha Kim*, 04-CV-4693, 2006 WL 3535931, *2 (E.D.N.Y. Dec. 7, 2006) (internal citations omitted).

The TPPs object to Judge Levy's dismissal of their § 1401 contribution claim, contending

---

[1] Familiarity with the facts and background of this matter as set forth in Judge Levy's R&R is assumed, and thus, shall not be repeated herein. Only those facts necessary to the discussion shall be set forth.

that Judge Levy erred in holding that § 15-108(c) precluded the contribution claim.[2] The TPPs'
objection is premised on grounds argued in their opposition to the TPDs' motion to dismiss. In fact,
it appears that a significant portion of the TPPs' objection brief is copied verbatim from their earlier
opposition brief. (*Compare* TPP Obj. at 2-7, *with* TPP Opp. at 3-8.) Judge Levy comprehensively
addressed these arguments and TPPs' submission offers no new grounds upon which the court
should reject his analysis. Thus, the court has the discretion to review Judge Levy's report for clear
error. *See United States v. Kantipuly*, 06-CR-65, 2007 WL 463125, *2 (W.D.N.Y. Feb. 9, 2007).
Nevertheless, the court finds that Judge Levy's report withstands the more stringent scrutiny of *de
novo* review.

## II.     Analysis

Under New York law, "[a] tortfeasor who has obtained his own release from liability shall
not be entitled to contribution from any other person." N.Y. Gen. Oblig. L. § 15-108(c) (McKinney
2008). "[T]he statute establishes a *quid pro quo* arrangement: the settlor limits its liability but in
exchange forfeits any right to contribution." *Gonzales v. Armac Indus. Ltd.*, 81 N.Y.2d 1, 5 (1993).
Section 15-108 is triggered when "a release or a covenant not to sue or not to enforce a judgment is
given to one of two or more persons liable or claimed to be liable in tort for the same injury." *Bank
Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 93-CV-6876, 2001 WL 492356, *1 (S.D.N.Y.
May 9, 2001). Courts should bar third-party contribution claims brought by settling defendants who,
by settlement with the plaintiff, "effectively avoided any further litigation of the claims against

---

[2] Additionally, they contend that, in the event that the court rejects the R&R's application of § 15-108(c), the court should also hold that the § 1401 contribution claim is not preempted by CERCLA's contribution provision. (TPP Obj. at 9-12.) The court has adopted the R&R and thus, finds no need to address the preemption issue.

[them]." *Gonzales*, 81 N.Y.2d at 7.

In the instant action, the Settlement Agreement extinguishes all of DMJ's claims against the TPPs and DMJ and the TPPs released all claims against each other. The TPPs agreed to pay DMJ $7.1 million and to set aside $1.025 million in escrow for certain expenses associated with remediation. Judge Levy dismissed all of DMJ's claims against the settling defendants with prejudice. (*See* Order and Judgment of Dismissal, Docket Entry No. 798.) Judge Levy dismissed all of the cross claims and counter claims asserted by and among the settling defendants with prejudice as well, except to the extent that the settling defendants's rights are reserved in the Settlement Agreement. (*Id*.)

The central issue to the instant motion is, whether certain ongoing activity between the parties as contemplated by the Settlement Agreement and the court's resulting retention of limited jurisdiction takes the Settlement Agreement outside of the scope of agreements that are said to "effectively end" a litigation, meaning, outside the scope of § 15-108(c). Examples of the ongoing activity include: DMJ's obligation to use best efforts to apply to the New York Department of Environmental Conservation ("NYDEC") for cleanup of some of the damaged properties under the Brownfield Program, and the TPPs' obligation to investigate and remediate certain properties based on an order previously issued by the NYDEC.

Despite these provisions, the court holds that the Settlement Agreement effectively ended the underlying litigation between DMJ and TPPs, thereby triggering the waiver of contribution as set forth in § 15-108(c). In *Gonzales*, the settling defendants agreed to pay the plaintiff two percent of the plaintiff's total damages awarded, in exchange for a release from the litigation. *See Gonzales*, 81 N.Y.2d at 7. The total dollar amount of the settlement remained uncertain, but the settlement

4

agreement established the methodology for calculating the amount due. Moreover, once executed, the settlement extinguished the settling defendants' duties to litigate the underlying claims and defenses. (*Id*.) The instant action is similar. The parties are required to engage in ongoing obligations to fulfill their duties under the Settlement Agreement; however, those ongoing duties relate to the Settlement Agreement and not the underlying claims or litigation. Further, the Order and Judgment of Dismissal terminated the TPPs' duties to litigate the underlying action, particularly, their duty to prepare responsive pleadings. The court recognizes that the Settlement Agreement provides for greater uncertainty with respect to TPPs overall monetary obligation than the settling defendants in *Gonzales* by the nature of the ongoing duties assigned to the various parties; however, the Settlement Agreement clearly sets forth the responsibilities of each party, extinguishes the underlying claims the TPPs, and extinguishes the TPPs' duty to defend. Under these circumstances, the court holds that Judge Levy properly dismissed the § 1401 contribution claim.

## CONCLUSION

For the reasons set forth above, the R&R is adopted in its entirety.

SO ORDERED.

DATED:   Brooklyn, New York
         September 30, 2008

                                               _____/s/_____
                                                   DORA L. IRIZARRY
                                                   United States District Judge