UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DMJ ASSOCIATES, L.L.C.,

                              Plaintiff,

    -against-

CARL A. CAPASSO; BASF CORPORATION; CHEMICAL LEAMAN TANK LINES, INC.; PROCTER & GAMBLE HAIRCARE LLC; EXXON MOBIL CORPORATION; GENERAL DYNAMICS CORPORATION; RUSSELL W. MAHLER; REVIEW SUPPLIES, INC.; QUANTA RESOURCES CORPORATION; THE HITCHCOCK GAS ENGINE COMPANY; THE STANLEY WORKS; NANCO CONTRACTING CORP.; UNDERGROUND EQUIPMENT CO., LTD.; ROCKWELL AUTOMATION, INC.; DAIMLERCHRYSLER CORPORATION; FORD MOTOR COMPANY; INGERSOLL-RAND COMPANY; UNITED TECHNOLOGIES CORPORATION; MERRILL LYNCH & CO., INC.; PARIBAS NORTH AMERICA INC. AS INDEMNITOR OF MERRILL LYNCH & CO., INC. AND MERRILL LYNCH MONEY MARKETS, INC.; ALCOA INC. f/k/a ALUMINUM COMPANY OF AMERICA; ALLIED WASTE INDUSTRIES, INC. (INCLUDING BROWNING-FERRIS INDUSTRIES, LLC OR "B.F.I."); BARRY CONTROLS DIVISION OF BARRY WRIGHT CORPORATION; BEAZER EAST, INC. F/K/A KOPPERS, COMPANY, INC.; BORGWARNER INC.; BP PRODUCTS NORTH AMERICA INC., INCLUDING BP AMOCO CORPORATION, ATLANTIC RICHFIELD CO., AND AMERICAN BRASS-ANACONDA (A/K/A OUTOKUMPU AMERICAN BRASS, INC.); BUCKEYE PIPE LINE COMPANY, L.P.; CARRIER CORPORATION; CATERPILLAR INC.; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY (FOR ITSELF AND ON BEHALF OF CHEVRON U.S.A. INC.,

CV 97 7285 (DLI)(RML)

FOURTH AMENDED
THIRD-PARTY
COMPLAINT OF EXXON
MOBIL CORPORATION
AND QUANTA
RESOURCES
CORPORATION

TEXACO INC., AND KEWANEE INDUSTRIES, INC.); COLONIAL PIPELINE COMPANY; CRUCIBLE MATERIALS CORPORATION (A/K/A CRUCIBLE SPECIALTY METALS) FORMERLY A DIVISION OF COLTEC INDUSTRIES; DANA CORPORATION; EVEREADY BATTERY CO., INC., SUCCESSOR TO CERTAIN OF THE BATTERY RELATED LIABILITIES OF UNION CARBIDE CORP.; GENERAL ELECTRIC COMPANY; GENERAL MOTORS CORPORATION; GOULDS PUMPS, INC.; HONEYWELL INTERNATIONAL INC.; MACK TRUCKS, INC.; METROPOLITAN SUBURBAN BUS AUTHORITY D/B/A MTA LONG ISLAND BUS; MILLER BREWING COMPANY; NIAGARA MOHAWK POWER CORP.; NATIONAL GRID USA; NATIONAL GRID GROUP PLC; NORTHROP GRUMMAN CORPORATION (ON BEHALF OF NORTHROP GRUMMAN SYSTEMS CORPORATION) (GRUMMAN AEROSPACE CORP.) AND NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION (TRW INC.); PFIZER INC; WARNER-LAMBERT COMPANY LLC (ITS FORMER SCHICK-WILKINSON SWORD DIVISION); WARNER-LAMBERT COMPANY LLC (ITS FORMER WHOLLY-OWNED SUBSIDIARY NEPERA, INC.); PHARMACIA CORPORATION (ITS WHOLLY-OWNED SUBSIDIARY THE UPJOHN COMPANY); PUBLIC SERVICE ELECTRIC AND GAS COMPANY ("PSE&G"); REYNOLDS METALS COMPANY A/IC/A REYNOLDS ALUMINUM; ROME STRIP STEEL COMPANY, INC.; SHELL OIL CO.; SIKORSKY AIRCRAFT CORPORATION; SPX CORPORATION, ON BEHALF OF ITS FORMER DIVISION, LEEDS & NORTHRUP; THE MILLER COMPANY (N/K/A T CORP.); AND VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, FORMERLY KNOWN AS WESTINGHOUSE ELECTRIC CORPORATION,

         Defendants.

| | |
|---|---|
| EXXON MOBIL CORPORATION and QUANTA RESOURCES CORPORATION,<br><br>    Defendants/Third-Party Plaintiffs,<br><br>   -against-<br><br>ACE WASTE OIL, INC.; ACTIVE OIL SERVICE; ALCAN ALUMINUM CORPORATION (a/k/a ALCAN SHEET & PLATE); ALL-COUNTY ENVIRONMENTAL SERVICE; AMPHENOL CORPORATION; ANDAX ENVIRONMENTAL CORP.; ASHLAND CHEMICAL, INC. (a/k/a ASHLAND, INC.); AVCO CORPORATION (a/k/a AVCO LYCOMING); BROOKHAVEN NATIONAL LABORATORY; REPUBLIC ENVIRONMENTAL SYSTEMS, INC. (a/k/a CHEMICAL MANAGEMENT INC.); CHEMICAL POLLUTION CONTROL, INC. (a/lc/a PHILLIPS ENVIRONMENTAL); CROSMAN CORP. (f/k/a COLEMAN AIRGUNS, INC.) (f/k/a CROSMAN ARMS COMPANY, INC.); AMERICAN CLASSIC SANITATION (f/k/a FARNHAM ENVIRONMENTAL & FARNHAM SANITATION SYSTEMS OF CT); HARBOR PETROLEUM CORP.; EMHART TEKNOLOGIES LLC; THE HITCHCOCK GAS ENGINE COMPANY; INDUSTRIAL DEVELOPMENT CORP. (a/k/a INDUSTRIAL ENVIRONMENTAL); INTERSTATE TANK CLEANING CORP.; JONES ENVIRONMENTAL SERVICES (NORTHEAST), INC. (f/k/a GEOCHEM, INC.) (f/k/a JET-LINE SERVICES, INC.); THE MARLIN FIREARMS COMPANY; NASSAU TANK CLEANING SERVICE, INC.; REXAM BEVERAGE CAN COMPANY (a/k/a NATIONAL CAN COMPANY) (a/k/a AMERICAN NATIONAL CAN COMPANY); NEAPCO, INC. (a/k/a UNITED COMPONENTS, INC.); NEW ENGLAND TANK LINING OF CONNECTICUT, INCORPORATED; NEW ERA OIL SERVICE, INC.; OIL CITY PETROLEUM CO., INC.; PEABODY COASTAL (a/k/a PEABODY INTERNATIONAL CORP.) (a/k/a PULLMAN, INC.); UNION CARBIDE CORPORATION; PROCTER & GAMBLE HAIRCARE LLC; REVERE COPPER | |

3

| |
|---|
| PRODUCTS, INC. (a/k/a REVERE COPPER & BRASS INCORPORATED); RIVER TERMINAL DEVELOPMENT (SCRAP YARD DIVISION) (a/k/a RTC PROPERTIES) (f/k/a UNION MINERAL & ALLOYS CORP.); ROYAL TANK CLEANING CORP.; SIMMONDS PRECISION PRODUCTS, INC.; MOEN INCORPORATED, A FORTUNE BRANDS COMPANY (f/k/a STANADYNE, INC.); SUNOCO, INC. (a/k/a SUN OIL REFINERY) (f/k/a SUN OIL CO.); TDY INDUSTRIES, INC.; TOTAL RECOVERY, INC.; UNITED STATES DEPARTMENT OF THE AIR FORCE; UNITED STATES DEPARTMENT OF THE ARMY; UNITED STATES DEPARTMENT OF THE COAST GUARD; UNITED STATES DEPARTMENT OF THE NAVY; WALLACE INDUSTRIES INC. (a/k/a WALLACE STEEL CORP.); KRAFT FOODS GLOBAL, INC. (f/k/a WARE CHEMICAL ); WASTE MANAGEMENT OF MARYLAND, INC.; WYMAN-GORDON COMPANY; ZOLLO DRUM COMPANY; COOPER CROUSE-HINDS, LLC (f/k/a CROUSE-HINDS COMPANY); THE HERTZ CORPORATION; LONG ISLAND LIGHTING COMPANY; NL INDUSTRIES, INC.; CROWN CORK & SEAL COMPANY, INC.; CONOCOPHILLIPS; and NEW YORK CITY TRANSIT AUTHORITY, <br><br>                  Third-Party Defendants. |

**FOURTH AMENDED THIRD-PARTY COMPLAINT OF
DEFENDANTS/THIRD-PARTY PLAINTIFFS QUANTA
<u>RESOURCES CORPORATION AND EXXON MOBIL CORPORATION</u>**

Defendants/Third-Party Plaintiffs Quanta Resources Corporation ("Quanta") and Exxon Mobil Corporation ("ExxonMobil," collectively, the "Third-Party Plaintiffs"), by and through their respective undersigned counsel, bring this Fourth Amended Third-Party Complaint, pursuant to Federal Rule of Civil Procedure 14, and in support thereof aver as follows:

4

## INTRODUCTION

1. In its complaint herein, plaintiff DMJ Associates, L.L.C. ("DMJ") sought to recover, inter alia, response costs that it allegedly incurred pursuant to the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601 et seq. ("CERCLA"). DMJ sought reimbursement of response costs that it allegedly incurred in response to the alleged presence of hazardous substances on the property located at 37-30 through 37-32 Review Avenue, 37-98 Railroad Avenue and 38-20 Railroad Avenue/Newtown Creek, in Queens, New York (the "Capasso Property"), and a declaratory judgment on liability for response costs that would obligate the named defendants to pay for any past and future response costs associated with the Capasso Property. DMJ also sought to recover damages from the defendants under certain other theories which, together with DMJ's CERCLA allegations, are detailed in DMJ's Fourth Amended Complaint, a copy of which is annexed hereto as Exhibit "A" (the "Complaint").

2. In the Complaint, DMJ alleged, inter alia, that:

(a) hazardous substances allegedly present at the Capasso Property were released, in part, from property located at 37-80 Review Avenue, Queens, New York (the "Quanta Facility"), that Third-Party Plaintiff Quanta was liable for such releases as an owner and operator of the Quanta Facility and that the allegedly-released substances were hazardous substances within the meaning of 40 C.F.R. § 302.4;

(b) the defendants other than Quanta were liable for such releases as generators of hazardous substances sent to the Quanta Facility;

(c) the allegedly-released hazardous substances migrated, and continued to migrate, from the Quanta Facility through the environment to the Capasso Property, and endangered and contaminated that property;

(d) from in or about 1970 until in or about 1981, the Quanta Facility was an active disposal site and transfer facility for substances generated primarily or exclusively off-site, and was also used as a waste oil recycling and storage facility; and

(e) substances were spilled and released into the environment at the Quanta Facility, that such substances posed a substantial present or potential hazard to human health or the environment, and that therefore such substances were hazardous.

3. A number of the defendants have expended response costs in connection with the Quanta Facility and Capasso Property, and upon information and belief, will expend additional response costs in the future.

4. The group of defendants that expended most of these response costs (the "Settling Defendants") entered into a written settlement agreement with DMJ (the "Settlement Agreement") pursuant to which they agreed to pay, and have paid, certain amounts to DMJ and made certain commitments to DMJ to remediate the contaminated conditions at the Quanta Facility and the Capasso Property. Those amounts and commitments represent recovery for 100 percent of the claims that were made and that could have been made by DMJ in this action.

5. By making payments pursuant to the Settlement Agreement and committing to remediate the Quanta Facility and Capasso Property, the Settling Defendants have paid or will pay more than their fair share of the claims that DMJ made or could have made in this action.

6. The Settling Defendants have assigned their rights to recover their response costs, their right to seek contribution arising from their payments to DMJ and their costs of fulfilling their commitment to DMJ to remediate the Quanta Facility and the Capasso Property to the Third-Party Plaintiffs.

## THE THIRD-PARTY DEFENDANTS

7. With the exception of Proctor & Gamble Haircare LLC and The Hitchcock Gas Engine Company, none of the entities or their predecessors named herein as Third-Party Defendants were named as defendants in the Complaint.

6

8. Each Third-Party Defendant generated or transported hazardous wastes or other hazardous materials that were delivered for disposal or treatment to the Quanta Facility.

9. This Fourth Amended Third-Party Complaint asserts claims against those entities whose waste, upon information and belief, was delivered to the Quanta Facility during the time period of 1972-1981. These claims are for any costs, damages and equitable relief that DMJ recovered in this action and for the response costs incurred and to be incurred by the Settling Defendants.

10. The Settling Defendants denied that they were liable to DMJ under any of the causes of action DMJ asserted against them. However, they entered into the Settlement Agreement with DMJ. The commitments made and the amounts that the Settling Defendants agreed to pay, and amounts that they have paid to DMJ pursuant to the Settlement Agreement, represent recovery for 100 percent of the claims that were made by DMJ in this action.

11. By making the payments and undertaking the remediation obligations pursuant to the Settlement Agreement to DMJ, the Settling Defendants have paid or will pay more than their fair share of the claims that DMJ made or could have made in this action. Thus, each of the entities named as a Third-Party Defendant is liable to the Third-Party Plaintiffs for such costs and amounts, or alternatively for contribution of such Third-Party Defendants' equitable share of said costs and amounts.

12. Upon information and belief, the following Third-Party Defendants generated or transported hazardous waste that was delivered to the Quanta Facility, from which, DMJ alleges, these materials were released and/or disposed of and migrated to the Capasso Property: Ace Waste Oil, Inc., Active Oil Service; Alcan Aluminum Corporation (a/k/a Alcan Sheet & Plate); All-County Environmental Service; Amphenol Corporation; Andax Environmental Corp.;

7

Ashland Chemical, Inc. (a/k/a Ashland, Inc.); Avco Corporation (a/k/a Avco Lycoming); Brookhaven National Laboratory; Republic Environmental Systems, Inc. (a/k/a Chemical Management Inc.); Chemical Pollution Control, Inc. (a/k/a Phillips Environmental); Crosman Corp. (f/k/a Coleman Airguns, Inc.) (f/k/a Crosman Arms Company, Inc.); American Classic Sanitation (f/k/a Farnham Environmental & Farnham Sanitation Systems of CT); Harbor Petroleum Corp.; Emhart Teknologies LLC; The Hitchcock Gas Engine Company; Industrial Development Corp. (a/Ida Industrial Environmental); Interstate Tank Cleaning Corp.; Jones Environmental Services (Northeast), Inc. (f/k/a Geochem, Inc.) (f/k/a Jet-Line Services, Inc.); The Marlin Firearms Company; Nassau Tank Cleaning Service, Inc.; Rexam Beverage Can Company (a/k/a National Can Company) (a/k/a American National Can Company); Neapco, Inc. (a/k/a United Components, Inc.); New England Tank Lining of Connecticut, Incorporated; New Era Oil Service, Inc.; Oil City Petroleum Co., Inc.; Peabody Coastal (a/lc/a Peabody International Corp.) (a/k/a Pullman, Inc.); Union Carbide Corporation; Procter & Gamble Haircare, LLC; Revere Copper Products, Inc. (a/k/a Revere Copper & Brass Incorporated); River Terminal Development (Scrap Yard Division) (a/Ida RTC Properties) (f/k/a Union Mineral & Alloys Corp.); Royal Tank Cleaning Corp.; Simmonds Precision Products, Inc.; Moen Incorporated, a Fortune Brands Company (f/lc/a Stanadyne, Inc.); Sunoco, Inc. (a/k/a Sun Oil Refinery) (f/k/a Sun Oil Co.); TDY Industries, Inc.; Total Recovery, Inc.; United States Department of the Air Force; United States Department of the Army; United States Department of the Coast Guard; United States Department of the Navy; Wallace Industries Inc. (a/k/a Wallace Steel Corp.); Kraft Foods Global, Inc. (f/k/a Ware Chemical); Waste Management of Maryland, Inc.; Wyman-Gordon Company; Zollo Drum Company; Cooper Crouse-Hinds, LLC (f/k/a Crouse-Hinds Company); The Hertz Corporation; Long Island Lighting Company; NL

Industries, Inc.; Crown Cork & Seal Company, Inc.; ConocoPhillips; and New York City Transit Authority.

13. Pursuant to Federal Rules of Civil Procedure 14 and 18, the Third-Party Plaintiffs hereby assert claims against the Third-Party Defendants under Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9601 et seq., and under C.P.L.R. §1401, for (i) response costs, (ii) contribution in connection with the claims that were asserted by DMJ against the Settling Defendants and subsequently settled, and (iii) a declaratory judgment of liability for response costs and/or contribution that will be binding on any subsequent action or actions to recover further response costs and/or contribution. To the extent inconsistent with any of the averments in their Answers, Affirmative Defenses and/or Counterclaims, the allegations made below by the Third-Party Plaintiffs are made in the alternative to and without waiver of any such averments.

14. Without any waiver of, or prejudice to, its rights, Third-Party Plaintiff Quanta does not join in or assert any claim or cause of action against Third-Party Defendants Ashland Chemical (a/k/a Ashland, Inc.), Avco Corporation (a/k/a Avco Lycoming), Brookhaven National Laboratory, Sunoco, Inc. (a/k/a Sun Oil Refinery) (f/k/a Sun Oil Co.), Ware Chemical (n/k/a Kraft Foods Global, Inc.), and ConocoPhillips.

15. Without any waiver of, or prejudice to, its rights, Third-Party Plaintiff ExxonMobil does not join in or assert any claim or cause of action against Third-Party Defendant Rexam Beverage Can Co. (a/k/a National Can Company) (a/k/a American National Can Company).

**JURISDICTION AND VENUE**

16. This Court properly had jurisdiction to adjudicate the Complaint. Jurisdiction for this Fourth Amended Third-Party Complaint is founded upon Sections 107(a) and 113(b) of

9

CERCLA; 42 U.S.C. §§ 9607(a) and 9613(b); 28 U.S.C. § 1331, as well as the principles of ancillary jurisdiction over those claims arising under the laws of the State of New York.

17.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b), because the alleged releases and threatened releases that are the subject of the underlying action occurred in this district.

## COUNT I

### Cost Recovery Pursuant to Section 107(a) of CERCLA

18.     The above allegations of this Fourth Amended Third-Party Complaint are hereby incorporated by reference as if fully set forth herein.

19.     Pursuant to CERCLA Section 107(a)(3), 42 U.S.C. § 9607(a)(3), any person who, by contract, agreement or otherwise arranges for disposal or treatment, or arranges with a transporter for transport for disposal or treatment of hazardous substances owned or possessed by such person, by any other party or entity, at any facility owned and operated by another party or entity and containing such hazardous substances, is liable for response costs incurred or to be incurred in connection with the alleged releases or threatened releases of hazardous substances at the facility.

20.     The Quanta Facility and the Capasso Property are both "facilities" within the meaning of CERCLA Section 101(9), 42 U.S.C. § 9601(9).

21.     Each of the Third-Party Defendants is a "person" within the meaning of CERCLA Section 101(21), 42 U. S.C. § 9601(21).

22.     The Third-Party Defendants, by contract, agreement, or otherwise, arranged for disposal or treatment, or arranged with a transporter for disposal or treatment of hazardous substances they owned or possessed to the Quanta Facility within the meaning of CERCLA Section 101(14), 42 U.S.C. § 9601(14).

23. There has been a "release" or "threatened release" of hazardous substances from the Quanta Facility as defined by CERCLA Sections 101(22) and 107(a), 42 U.S.C. §§ 9601(22), 9607(a).

24. The Third-Party Defendants are thus within one or more of the classes of liable "covered persons" provided by CERCLA Section 107(a), 42 U.S.C. § 9607(a).

25. The release or threatened release of hazardous substances at the Quanta Facility has caused the Settling Defendants to incur response costs, as defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), that are "necessary costs of response" for which the Third-Party Defendants are liable to the Third-Party Plaintiffs pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a).

26. The Settling Defendants have incurred response costs in order to carry out the investigation, analysis, and necessary response actions, including, without limitation, remediation and costs reasonably incurred to identify potentially responsible parties. Response actions at the Quanta Facility and the Capasso Property are ongoing and the Settling Defendants will incur additional expenses in completing the response actions.

27. These response actions undertaken by the Settling Defendants are necessary costs of response consistent with the National Contingency Plan, 40 C.F.R. § 300, CERCLA Section 101(31), 42 U.S.C. § 9601(31).

28. Third-Party Defendants are therefore jointly and severally liable for all past and future response costs incurred and to be incurred by the Settling Defendants in connection with the Quanta Facility and Capasso Property.

29. Notice of this action is being given or has been given to the Administrator of the Environmental Protection Agency and to the Attorney General of the United States, as required by and in compliance with CERCLA Section 113(1), 42 U.S.C. § 9613(1).

## COUNT II

### Contribution Claim For Relief Under Section 113 of CERCLA

30. The above allegations of this Fourth Amended Third-Party Complaint are hereby incorporated by reference as if fully set forth herein.

31. In the Complaint, DMJ sought judgment for response costs that it incurred or that it would incur in connection with the Capasso Property and Quanta Facility.

32. Because the amounts paid and commitments made by the Settling Defendants to DMJ represent recovery for 100 percent of the claims that were made and that could have been made by DMJ in this action, and that by making those payments and undertaking those commitments, the Settling Defendants have paid or will pay more than their fair share of the claims that DMJ made or could have made in this action, the Third-Party Defendants are liable to Third-Party Plaintiffs for contribution under Section 113(f) of CERCLA, 42 U.S.C. §9613(f).

## COUNT III

### Claim For Declaratory Judgment Under Section 113(2)(2) of CERCLA

33. The above allegations of this Fourth Amended Third-Party Complaint are hereby incorporated by reference as if fully set forth herein.

34. There is a present and actual controversy between Third-Party Plaintiffs and Third-Party Defendants concerning their respective rights and obligations with respect to the costs of response and contribution claims associated with the Quanta Facility and the Capasso Property and arising from the settlement with DMJ.

35. Third-Party Plaintiffs are entitled to judgment, under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and 28 U.S.C. §§ 2201 and 2202, against Third-Party Defendants, declaring that the Third-Party Defendants are and shall be liable to the Third-Party Plaintiffs for response costs and for contribution claims arising from the settlement with DMJ that will be binding in any subsequent action to recover further response costs.

## COUNT IV

### Contribution Claim For Relief Pursuant to C.P.L.R. Section 1401

36. The above allegations of this Fourth Amended Third-Party Complaint are hereby incorporated by reference as if fully set forth herein.

37. By virtue of each Third-Party Defendant's status and/or conduct as alleged hereinabove, each Third-Party Defendant is a tortfeasor.

38. The Settling Defendants agreed to a settlement with DMJ wherein they agreed to pay certain amounts to DMJ and made certain commitments to DMJ that represented recovery of 100 percent of the claims that were made and that could have been made by DMJ in this action. Those payments and commitments represent more than the Settling Defendants' fair share of the claims that DMJ made or could have made in this action.

39. By virtue of the above, Third-Party Plaintiffs are entitled to contribution from the Third-Party Defendants pursuant to C.P.L.R. §1401.

WHEREFORE, Third-Party Plaintiffs Quanta and ExxonMobil demand judgment against the Third-Party Defendants as follows:

    (a) Upon the First Cause of Action, awarding the Third-Party Plaintiffs their response costs to date and the response costs that they will incur into the future, jointly and severally against each Third-Party Defendant;

    (b) Upon the Second and Fourth Causes of Action, for the full amount paid by the Settling Defendants, or what the Settling Defendants will pay, to DMJ under the Settlement Agreement, and in an amount equal to their share of the response

costs to be allocated by the Court using such equitable factors as the Court determines are appropriate;

(c)     Upon the Third Cause of Action, declaratory judgment of liability for response costs and for contribution that will be binding on any subsequent action or actions to recover further response costs;

(d)     Together with the costs and disbursements of this action, including reasonable attorneys' fees; and

(e)     Any further relief as this Court shall deem just and proper.

Dated: New York, New York        ARENT FOX LLP
       October 4, 2013

                                 By:  /s/ Allen G. Reiter
                                      ALLEN G. REITER
                                      JENNIFER L. BOUGHER

                                 1675 Broadway
                                 New York, New York 10019
                                 (212) 484-3900

                                 *Attorneys for Third-Party Plaintiff*
                                     *Quanta Resources Corporation*

                                 McCUSKER, ANSELMI, ROSEN & CARVELLI, P.C.


                                 By:  /s/ Andrew E. Anselmi
                                      ANDREW E. ANSELMI
                                      MAURA W. SOMMER

                                 1325 Avenue of the Americas
                                 New York, New York 10019
                                 (212) 308-0070

                                 *Attorneys for Third-Party Plaintiff*
                                     *Exxon Mobil Corporation*