

CAMILLE V. OTERO
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4509 Fax: (973) 639-8321
cotero@gibbonslaw.com

October 15, 2013

<u>VIA ECF</u>
Hon. Robert M. Levy, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

   Re: <u>DMJ Associates, L.L.C., v. Carl A. Capasso, et al.</u>
      <u>Civil Action No. 97-CV-7285 (DLI) (RML)</u>

Dear Judge Levy:

  We represent Third-Party Defendant Rexam Beverage Can Company ("Rexam"), and are also liaison counsel to those Third-Party Defendants ("TPDs") in our Joint Defense Group (collectively the "G-9")[1] in the above-captioned matter. In accordance with Your Honor's directive at the October 2, 2013 Case Management Conference ("CMC"), we submit this letter in support of the G-9's position that Phase I fact discovery on liability includes discovery on whether Third-Party Plaintiffs' ("TPPs") alleged CERCLA response costs are consistent with the National Contingency Plan ("NCP"), 40 C.F.R. pt. 300. At the recent CMC, TPPs wrongfully claimed that they need only show some 'nominal' amount of NCP compliant costs to satisfy their burden to establish liability under Phase I fact discovery. TPPs' position is both unworkable and unsupported by the relevant jurisprudence on CERCLA liability and NCP compliance. Both legal and practical considerations require that fact discovery on NCP issues proceed immediately, rather than be postponed to Phase II fact discovery on damages and allocation.

  As private parties in this CERCLA matter, TPPs have the burden of proving that all of their alleged costs are NCP compliant in this matter to establish liability under CERCLA. <u>City of New York v. Chemical Waste Disposal Corp.</u>, 836 F. Supp. 968, 976 (E.D.N.Y. 1993). . Private plaintiffs may recover "necessary costs of response incurred . . . consistent with the national contingency plan." 42 U.S.C. § 9607(a)(4)(B). This burden requires that TPPs respond to TPDs' outstanding discovery requests on NCP compliance under Phase I fact discovery on liability. Even if the requested discovery may ultimately bear on how much (if anything) the TPPs may recover, TPPs cannot object or refuse to respond to NCP discovery if it "reasonably relates to Phase I information". <u>See</u> ECF Document No. 1061, pg. 4, Case Management Order (November 10, 2006) ¶ 10. Yet, to date, TPPs have continued to do just that.

---

[1] The TPDs in our Joint Defense Group are: Avco Corporation, Conoco Phillips Company, Crown Cork & Seal Company, Inc., Kraft Foods Global, Inc., New York City Transit Authority (a/k/a MTA-New York City Transit), Novelis Corporation (f/k/a Alcan Aluminum Corporation), Rexam Beverage Can Company, River Terminal Development, and Sunoco, Inc.

Hon. Robert M. Levy, U.S.M.J.
October 15, 2013
Page 2

It is the law of this circuit that NCP consistency is a *prima facie* element for liability to recover response costs under CERCLA Section 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B).[2] ABB Indus. Sys., Inc. v. Prime Technology, Inc., 120 F.3d 351, 356 (2d Cir. 1997) ("Under CERCLA's liability section . . . a plaintiff makes a prima facie case by showing[, *inter alia*,] that the response costs conform to the national contingency plan."); see also City of New York, supra, 836 F. Supp. at 976 (private plaintiffs under Section 107(a) "are required to prove that their costs of response were necessary and consistent with the NCP in order to establish a *prima facie* case for response costs"). Further, it is virtually black-letter CERCLA law that NCP consistency is an element of a private plaintiff's *prima facie* liability case under Section 107(a). See, e.g., Carson Harbor Village, Ltd. v. County of Los Angeles, 433 F.3d 1260, 1265 (9th Cir. 2006); Control Data Corp. v. S.C.S.C. Corp., 53 F.3d 930, 934 (8th Cir. 1995); County Line Investment Co. v. Tinney, 933 F.2d 1508, 1512 (10th Cir. 1991); City of Moses Lake v. United States, 458 F. Supp. 2d 1198, 1236 (E.D. Wash. 2006) (court was "inclined to believe that NCP compliance is a liability issue, or a hybrid issue" of liability and damages) Amland Properties Corp. v. Aluminum Co. of America, 711 F. Supp. 784, 794 (D.N.J. 1989) (incurrence of response costs consistent with the NCP "is an element of a CERCLA plaintiff's case on liability."). Failure to prove NCP consistency renders a plaintiff's claim for response costs subject to summary judgment, such that recovery of its response costs, regardless of their magnitude, is barred. See, e.g., Union Pac. R. Co. v. Reilly Indus., Inc., 981 F. Supp. 1229 (D. Minn. 1997) (granting summary judgment on CERCLA claims because plaintiff did not provide opportunity for public comment); Alcan-Toyo America, Inc. v. Northern Illinois Gas Co. 904 F. Supp. 833, 837 (N.D. Ill. 1995) ("Because the response action performed by OBG was not consistent with the NCP, Alcan-Toyo may not recover the cost of OBG's work."); Channel Master Satellite Sys., Inc. v. JFD Electronics Corp., 748 F. Supp. 373 (E.D.N.C. 1990) (granting partial summary judgment totally ignored NCP).

For example, in Alcan-Toyo, *supra*, the plaintiff brought suit under CERCLA Section 107(a) to recover past costs incurred for the work of two different consultants for different investigations and remedial tasks. The court in Alcan-Toyo acknowledged that consistency with the NCP is a *prima facie* element of plaintiff's case to recover response costs under CERCLA. It determined that the work performed by the first consultant was necessary and consistent with the NCP, and therefore the defendants were liable for a share of those costs. However, the court also determined that the work performed by the second consultant was not consistent with the NCP and therefore denied plaintiff's claim for recovery of those costs in full. Alcan-Toyo, 904 F. Supp. at 837. Notably, in Bedford Affiliates v. Manheimer, No. CV 95-0116, 1997 U.S. Dist. LEXIS 23903 (E.D.N.Y. Aug. 6, 1997), this Court cited and followed the holding of Alcan-Toyo.

Here, TPPs seek costs stemming from the investigation and remediation of "Quanta Site-Related Contamination" as defined in their settlement with Plaintiff D.M.J. Associates, L.L.C. The TPPs seek to recover costs that fall into a variety of distinct categories: costs incurred by

---

[2] While the NCP consistency requirement for recovering response costs is set forth in Section 107 of CERCLA, it applies equally to the recovery of response costs under Section 113(f).

Hon. Robert M. Levy, U.S.M.J.
October 15, 2013
Page 3

DMJ Associates, L.L.C.; costs incurred by Cresswood Environmental Consultants; other costs directly incurred by the TPPs and/or other Settling Defendants who have allegedly assigned their claims to the TPPs; costs incurred by other consultants; and costs incurred in connection with remediating Quanta Site-Related Contamination that purportedly impacted the Phoenix Beverage property. For each of these consultants and/or categories of costs, the TPPs must show, to establish a *prima facie* case for liability as to that category of costs, that the response actions taken were necessary to remediate Quanta Site-Related Contamination, *and* that they were incurred in a manner substantially consistent with the NCP.[3]

The law is clear that NCP consistency is relevant to the issue of liability, and not merely a consideration regarding the quantum of the TPPs' recovery, if any. As such, the G-9 is entitled to NCP discovery in Phase I on all response costs that the TPPs seek to recover. The TPPs must prove NCP consistency in Phase I by providing specific facts and detailed discovery responses relating to the cleanup work performed and costs incurred to address the Quanta Site-Related Contamination in order to establish their *prima facie* case for CERCLA liability. Fact discovery of matters relevant to NCP consistency in Phase I also offers considerable practical advantages in terms of clarifying the issues in the case and streamlining the litigation. Fact discovery of matters relevant to NCP consistency may reveal that the TPPs did not act in a manner consistent with the NCP for some or all categories of their alleged response costs and therefore summary judgment would be appropriate. For example, the TPPs must show that each of their consultants' costs were NCP compliant *and* that each cleanup action taken met the requirements of NCP. Even if that conclusion applies to only some of the TPPs' claimed costs, it would significantly streamline the case by eliminating portions of the TPPs' claims for damages. Also, a timely and complete review of the TPPs' expenditure documents in Phase I would allow for targeted Phase II discovery on those costs that may remain and could even foster further settlement discussions among the parties.

For all of the foregoing reasons, the G-9 respectfully submits that the TPPs must provide detailed factual discovery under Phase I to show substantial compliance with the NCP.

Respectfully submitted,

Camille V. Otero
Director

cc:   All Counsel of Record (via ECF)

---

[3] For a private party, NCP consistency requires that the response action be in "substantial compliance" with the applicable portions of the NCP, and results in a "CERCLA-quality" cleanup. 40 C.F.R. § 300.700(c)(3)(i). Among other portions of the NCP, a private party must follow those provisions related to the remedial site evaluation, 40 C.F.R. § 300.420, and the remedial investigation/feasibility study and remedy selection, 40 C.F.R. § 300.430. See 40 C.F.R. § 300.700(c)(5)(viii). In addition to the relevant portions of 40 C.F.R. § 300.430, a private party is also subject to specific provisions requiring public participation. 40 C.F.R. § 300.700(c)(6).