347 Madison Avenue
New York, NY 10017-3739
212 878-7000 Tel

 **Metropolitan Transportation Authority**
State of New York

November 8, 2013

Honorable Dora Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

    Re:    DMJ Associates, LLC v. Carl A. Capasso, et al.
            Case No. CV-97-7285 (DLI) (RML)

Dear Judge Irizarry:

We represent Third-Party Defendant New York City Transit Authority ("NYCTA"), impleaded by the Fourth Amended Third-Party Complaint [Doc. 1471] of Exxon Mobil Corporation and Quanta Resources Corp. ("Exxon/Quanta") and served on NYCTA on October 28, 2013.

We write to respectfully request a pre-motion conference on NYCTA's planned motion pursuant to F.R.Civ.P. 12(b)(6) to dismiss the claims against NYCTA set forth in the Fourth Amended Third-Party Complaint for failure to state a claim upon which relief can be granted.  The basis for the motion is three-fold.  First, Exxon/Quanta have no claim pursuant to § 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. 9607(a), the same ground raised by a group of Third-Party Defendants ("TPDs") whose motion to dismiss is pending before the Court.[1]  Second, Exxon/Quanta failed to commence its contribution action under CERCLA § 113(f) action against NYCT prior to the expiration of the applicable limitations period set forth in CERCLA § 113(g), the ground which is discussed in greater detail below.  And third, but only against Quanta's claims, because of Quanta's egregious behavior in its mismanagement and abandonment of the cleanup Site, it is not entitled to recover in contribution, the same ground urged by a sub-set of the TPDs whose motion for summary judgment also is pending.[2]

Because NYCTA was not a party at the time the Gibbons firm filed its motions for partial summary judgment on behalf of the aforementioned TPD groups, NYCTA would cross-reference or join those motions while adding the additional statute of limitations ground to its motion to dismiss; NYCTA does not see a need for further briefing regarding the grounds already asserted

---

[1] In this regard, NYCTA refers to and incorporates by reference the legal analysis and basis for the motion regarding the Section 107(a) claim as set forth in the June 14, 2013 brief [Doc. # 1474-2] submitted by the Gibbons firm on behalf of its client Rexam Beverage Can Company and a group of TPDs.

[2] In this regard, NYCTA refers to and incorporates by reference the legal analysis and basis for the motion as set forth in the June 14, 2013 brief submitted by the Gibbons firm [Doc. # 1475-2] on behalf of Rexam Beverage Can Company and a group of TPDs.

The agencies of the MTA
MTA New York City Transit   MTA Metro-North Railroad   MTA Capital Construction
MTA Long Island Rail Road   MTA Bridges and Tunnels   MTA Bus Company

Honorable Dora Irizzary, USDC
November 8, 2013
Page 2

in the two previously filed motions. Because of those pending motions, NYCTA requests the pre-motion conference to address the timing of its motion. By this letter, NYCTA requests that its time to answer or move to dismiss the Fourth Amended Third-Party Complaint be extended to 14 days following the pre-motion conference.

It is the position of NYCTA that the Third-Party Complaint, amended a fourth time so as to implead NYCTA, is time barred as to NYCTA. CERCLA § 113(g), 42 U.S.C. § 9613(g)(3), addresses the time period within which a contribution action must be filed:

> (3) No action for contribution for any response costs or damages may be commenced more than 3 years after --
>    (A) The date of judgment in any action under this chapter for recovery of such costs or damages, or
>    (B) The date of an administrative order under section 9622(g) of this title (relating to de minimis settlements) or 9622(h) of this title (relating to cost recovery settlements) or entry of a judicially approved settlement with respect to such costs or damages.

The Third-Party Complaint itself pleads that Exxon/Quanta, together with other Settling Defendants, entered into a settlement agreement with DMJ pursuant to which they agreed to pay, and have paid, certain amounts to DMJ and made certain commitments to DMJ to remediate the contaminated conditions at the Quanta Facility and Capasso Property. Id. ¶4. These commitments were incorporated into the Order that approved that settlement and dismissed the underlying DMJ action on June 27, 2005. See Stipulation and Order of Dismissal at 4-5, 7 (Docket No. 798)("2005 Dismissal Order"). Thus, Exxon/Quanta (and the settlors whose claims purportedly were assign to them) resolved their liability within the meaning of § 113(f)(3)(B) and the limitations period began to run on June 27, 2005, date of the judicially-approved settlement. The three year period to bring a contribution claim against NYCTA expired in 2008, but the complaint against NYCTA was not filed until this year, well beyond the three-year period.

Exxon/Quanta has argued that the Court did not assess the fairness of the settlement agreement and consequently the limitations period did not begin to run. However, § 113(g)(3) only requires entry of a judicially approved settlement. But in any event, the settlement was reviewed and found to be fair. See 2005 Dismissal Order at 5-7 ("Now, therefore after due review and consideration by the Court . . . .").

Further, Exxon/Quanta gained a right of contribution in 2002 pursuant to § 113(f)(3)(B) of CERCLA, when they entered into a consent order with the New York State Department of Environmental Conservation ("NYSDEC"), and its failure to bring an action against NYCTA within three years also is fatal to its contribution claim. Section 113(f)(3)(B) provides contribution rights to a potentially responsible party who "has resolved its liability to . . . a State for some or all of a response action . . .in an administrative . . . settlement." 42 U.S.C. §9613(f)(3)(B). In Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc., 596 F.3d 112 (2d Cir. 2010), Niagara Mohawk argued that it was entitled to contribution under § 113(f)(3)(B) because

it had executed a Consent Order with NYSDEC that constituted an administrative settlement. The lower court had refused to consider the Consent Order because it was an attachment to an attorney affidavit but was not included in any prior proceedings. 596 F.3d at 124. The appeals court reversed and found that the district court had abused its discretion in not considering the Consent Order. The Circuit went on to state:

> In our view, only § 113(f)(3)(B) provides the proper procedural mechanism for NiMo's claims. Under § 113(f)(3)(B), a "person who has resolved its liability to the United States or a state for some or all of the costs of such action in an <u>administrative</u> or judicially approved settlement may seek contribution from any person who is not party to a settlement." [Emphasis added]

596 F.3d at 125. The <u>NiMo</u> decision makes it clear that the 2002 Consent Order entered into by third-party plaintiffs is the type of administrative settlement that commences the running of the three-year limitations period within which to bring a contribution action. In an analogous situation, Judge Hurley held that the three year limitations period begins to run, at the latest, on the date of the Consent Order with NYSDEC. <u>Chitayat v. Vanderbilt Assocs.</u>, 702 F.Supp. 2d 69 (E.D.N.Y. 2010). <u>See</u> <u>also</u> <u>New York v. Solvent Chem. Co., Inc.</u>, 664 F.3d 22, 26 (2d Cir. 2011) (where a consent decree with NYSDEC was entered on April 2, 1997, a suit for contribution could not be commenced after April 2, 2000).

Accordingly, the three year limitations period expired at the latest in 2008, or alternatively, as early as 2005, three years after the Consent Decree was approved by the New York State Department of Environmental Conservation.

In view of two motions pending by other parties, we request a pretrial conference to discuss the Court's preference for scheduling and briefing.

                                              Respectfully submitted,

                                              **/s/ Gordon J. Johnson**
                                              <u>**/s/ Lawrence C. Jenkins**</u>
                                              Gordon J. Johnson (212-878-4633)
                                              Lawrence C. Jenkins (212-878-1033)
                                              Attorneys for New York City Transit Authority