|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------X<br>DMJ ASSOCIATES, L.L.C.,<br><br>                Plaintiff,<br><br>  - against -<br><br>CARL A. CAPASSO, et al.,<br><br>                Defendants.<br>-------------------------------------------------------X<br>EXXON MOBIL CORPORATION and<br>QUANTA RESOURCES CORPORATION,<br><br>                Defendants/<br>                Third-Party Plaintiffs,<br><br>  - against -<br><br>ACE WASTE OIL, INC., et al.,<br><br>                Third-Party Defendants.<br>-------------------------------------------------------X | *Date of Service:*<br>*November 26, 2013*<br><br><br><br>CV-97-7285<br>(Irizarry, J.)<br>(Levy, M.J.)<br>**ORAL ARGUMENT REQUESTED** |

**NEW YORK CITY TRANSIT AUTHORITY'S
MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FOURTH THIRD-PARTY COMPLAINT**

GORDON J. JOHNSON
LAWRENCE C. JENKINS
**METROPOLITAN TRANSPORTATION AUTHORITY**
Office of General Counsel
347 Madison Avenue, 9th Floor
New York, New York 10017-3739
Telephone: (212) 878-7208
*Attorneys for Third-Party Defendant*
*New York City Transit Authority*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................... 1

    STATEMENT OF FACTS ................................................................................................. 2

    1.  The 2002 Administrative Consent Order ................................................................. 3

    2.  The Court-Approved 2005 Settlement ..................................................................... 3

ARGUMENT .................................................................................................................................. 5

    POINT I:  THE COMPLAINT'S SECOND COUNT IS BARRED BY THE THREE-YEAR
    LIMITATIONS PERIOD UNDER  CERCLA § 113(g) FOR CONTRIBUTION ACTIONS ................ 5

        A.   The 2005 Court Approved Settlement ....................................................................... 6

        B.   The 2002 Consent Order ............................................................................................ 9

    POINT II:  TPPS' ONLY CAUSE OF ACTION IS ONE FOR CONTRIBUTION UNDER
    CERCLA § 113(f), AND THUS THEIR CLAIM UNDER CERCLA § 107(a)
    MUST BE DISMISSED. ...................................................................................................... 11

    POINT III:  IN THE ALTERNATIVE, QUANTA'S CONTRIBUTION CLAIM
    IN THE TP-COMPLAINT SHOULD BE DISMISSED AS UNWARRANTED
    IN VIEW OF QUANTA'S EGREGIOUS PAST BEHAVIOR IN ITS OPERATION
    AND ABANDONMENT OF THE QUANTA SITE ........................................................ 12

CONCLUSION ............................................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**

Chitayat v. Vanderbilt Assocs., 702 F. Supp.2d 69 (E.D.N.Y. 2010)(Hurley, J.) .............................. 10, 11

Cooper Industries, Inc. v. Aviall Servs., Inc., 543 U.S. 157, 125 S.Ct. 577,
    160 L.Ed.2d 548 (2004) ......................................................................................................... 5, 10

Hydro-Manufacturing, Inc. v. Kayser-Roth Corporation, 903 F. Supp. 273
    (D. R.I. 1995) ............................................................................................................................ 7, 8

New York v. Solvent Chem. Co., Inc., 664 F.3d 22 (2d Cir. 2011) ..................................................... 7, 8

Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc., 596 F.3d 112
    (2d Cir. 2010) ............................................................................................................................ 9, 10

RSR Corporation v. Commercial Metals Co., 494 F.Supp.3d 690 (D.Ohio 2006),
    affirmed, 496 F.2d 552 (6th Cir. 2007) .......................................................................................... 12

RSR Corporation v. Commercial Metals Co., 496 F.2d 552 (6th Cir. 2007) ........................................ 7, 8

Schaefer v. Town of Victor, 457 F.3d 188 (2d Cir. 2006) ................................................................. 5, 6, 11

United States v. Kubrick, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) ................................... 6

United Station Associates LLC v. Puget Sound Energy, Inc.,
    238 F. Supp. 2d 1226 (W.D.Wash. 2002) ..................................................................................... 7

United Technologies v. Browning Ferris Industries, Inc., 33 F.3d 96
    (1st Cir. 1994), cert. denied, 513 U.S. 1183 (1995) ......................................................................... 7

**Statutes**

42 U.S.C. § 6972(a) ........................................................................................................................... 4

42 U.S.C. § 9607(a) ...................................................................................................................... 1, 2, 4

42 U.S.C. § 9613(f) ........................................................................................................................... 1, 2

42 U.S.C. § 9613(f)(2) ....................................................................................................................... 3

42 U.S.C. § 9613(f)(3)(B) ................................................................................................................. 6, 9

42 U.S.C. § 9613(g)(2) ...................................................................................................................... 1

42 U.S.C. § 9613(g)(3) ................................................................................................................... 1, 5, 6

NY Env. Conserv. Law (NY ECL) Article 27, Title 14, et. seq. ........................................................ 11

NY ECL § 27-1419(3) ....................................................................................................................... 11

NY ECL § 27-1421(1)(3)(6) ............................................................................................................. 11

**Rules and Other Authorities**

F.R.Civ.P. 12(b)(6) ............................................................................................................................ 1

Superfund Amendments and Reauthorization Act of 1986,
    Pub. L. No. 99-499 et seq., 100 Stat. 1613 (1986) ..................................................................... 5 - 6

**PRELIMINARY STATEMENT**

Third-Party Plaintiffs Exxon Mobil Corporation ("Exxon") and Quanta Resources Corporation[1] ("Quanta") (together "TPPs") served their Fourth Amended Third-Party Complaint on October 28, 2013, joining the New York City Transit Authority ("NYCTA") as a Third-Party Defendant in the instant action.  TPPs were defendants in the underlying primary action alleging that they are responsible for contaminating the so-called Capasso Properties through releases from the adjacent Quanta Facility to which other parties, including the Third-Party Defendants ("TPDs") named in TTPs' complaint, allegedly had sent hazardous substances.  See Fourth Amended Third-Party Complaint, Doc. # 1471, filed 10/21/13 ("TP-Complaint"), at ¶ 2.  The TPPs have pleaded three counts in the TP-Complaint against the TPDs:  (1) a claim for cost recovery under § 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607(a); (2) a claim for contribution under CERCLA § 113(f), 42 U.S.C. §9613(f); and (3) a claim for a declaratory judgment under CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), for future response costs and damages that is dependent on a finding of liability under either of the first two counts.

For the reasons stated below, NYCTA moves to dismiss the TP-Complaint against it for failure to state a claim upon which relief can be granted pursuant to F.R.Civ.P. 12(b)(6) on three grounds.  First, the second count, based on CERCLA § 113(f), is time-barred as it pertains to NYCTA.  NYCTA was served in this action long after the expiration of the three year statute of limitations for contribution actions provided at CERCLA § 113(g)(3), 42 U.S.C. § 9613(g)(3), as the statute of limitations began to run at the latest on June 27, 2005, the date a court-approved

---

[1] In their complaint, the TPPs assert that claims of the "Settling Defendants" in the primary action, DMJ Associates, L.L.C. v. Capasso, et al. have been assigned to the TTPs.  TP-Complaint at ¶¶ 4-6.  Whether the claims are asserted are solely those of Exxon and Quanta or on behalf of themselves and the Settling Defendants is immaterial to the merits of this instant motion.

1

settlement was entered in the underlying action. Additionally, a Consent Order was executed by and between the New York State Department of Environmental Conservation and a number of respondents including the TPPs in 2002. This, too, triggered a three year statute of limitations, a period long expired.

Second, because TPPs have a contribution claim under CERCLA § 113(f), they may not bring a claim pursuant to CERCLA § 107(a). For the reasons stated in the presently pending motion for partial summary judgment seeking dismissal of Count I that seeks cost recovery under CERCLA § 107 (Doc. # 1474, filed 10/30/13), this claim is without merit.

Third and in the alternative, solely with regard to Quanta and as set forth in a motion presently pending before the Court for partial summary judgment regarding Count II (Doc. # 1475, filed 10/30/13) submitted by a group of TPDs, Quanta's claim for contribution is unwarranted in view of Quanta's egregious past behavior in its operation and abandonment of the Quanta site and subsequent migration of contaminants to neighboring properties.

## STATEMENT OF FACTS

Exxon Mobil and Quanta Resources Corporation were defendants in a civil action under CERCLA § 107(a), initially filed in 1997. See Fourth Amended Complaint, dated June 15, 2005 (Doc. # 792)[2] in the underlying action, at ¶¶ 151-154 and 82-86. In that action, Plaintiff DMJ Associates, L.L.C. ("DMJ"), sought both CERCLA response costs and the cleanup of its property. Fourth Amended Complaint, supra, Prayer for Relief at pages 43-45.

---

2 A copy of the Fourth Amended Complaint (Doc. # 792), is annexed to the TP-Complaint (Doc. # 1471). For the Court's convenience, copies of these pleadings and other pertinent documents are annexed to the Declaration of Gordon J. Johnson, dated November 26, 2013, and filed herewith.

2

**1. The 2002 Administrative Consent Order**

While that action was pending, the New York State Department of Environmental Conservation ("NYSDEC") notified a number of defendants in the underlying action, including Exxon Mobil and Quanta, of their potential obligation to cleanup DMJ's property, the Quanta Facility, and other sources of contamination at DMJ's property.  In 2002, as a result of those discussions, NYSDEC and a number of entities, including Exxon Mobil and Quanta, entered into an administrative Consent Order (Doc. # 1444-1, filed 8/19/13) (the "2002 Consent Order") that required the named respondents to pay NYSDEC for its past costs, prepare a work plan for a remedial investigation/feasibility study, and then implement a cleanup of the site.  As recited in the 2002 Consent Order, "[t]his Order is issued . . . under CERCLA Sec. 107 to compel payment and enforce liability for costs incurred by the State for the remedial program." Id. at ¶ 1.D.  It also provided pursuant to ¶ XIV.J., that each "Respondent shall be deemed to have resolved its liability to the State for purposes of contribution protection provided by CERCLA Section 113(f)(2)" for the remediation addressed in the Order, i.e., response costs incurred and to be incurred in connection with that work and required reimbursement of the State's costs.

**2. The Court-Approved 2005 Settlement**

In 2005, the Settling Defendants in the underlying action, including Exxon and Quanta, entered into a settlement with DMJ.  TP-Complaint at ¶ 4.  After review of the settlement, this Court dismissed DMJ's action against the settling defendants, including Exxon Mobil and Quanta, via an Order of Judgment and Dismissal filed on June 27, 2005 (Doc. #798) ("2005 Settlement Order"), but retained jurisdiction for the purpose of enforcing the terms of the settlement.

The settlement agreements among the settling parties, including the TPPs, resolved all of DMJ's claims under CERCLA § 107(a), 42 U.S.C. § 9607(a), and claims brought pursuant to the Resource Conservation and Recovery Act, 42 USC § 6972(a). Under the terms of the settlement which was "ordered and adjudged" by Magistrate Levy, DMJ was granted (a) payment of all monetary claims of DMJ "that makes Plaintiff [DMJ] whole for acceptable recoverable response and remedial costs and other damages as would be recoverable under law"; and (b) the equitable remedy of cleanup, to the satisfaction of NYSDEC, of contamination sourced from the Quanta Facility that would restore the Capasso Properties to a condition acceptable to NYSDEC and consistent with law and industrial use of property of the same type in the surrounding area. 2005 Settlement Order at 4-5. The 2005 Settlement Order also concluded:

> (5) That the remedy provided to Plaintiff DMJ by the Settling Defendants in the Settlement Agreement constitutes one hundred percent (100%) of the legal and equitable relief that Plaintiff would have been entitled to under the claims and allegations pleaded in the complaint and accordingly Plaintiff has been made whole;
>
> (6) By virtue of the terms of the Settlement, the Settling Defendants are extinguishing any liability of the non-settling parties to the Plaintiff, and may seek contribution, indemnification, or cost recovery as permitted by law, from any party, non-settling parties or other non-parties who are not a signatory to the Settlement including through any third-party action brought within the instant action notwithstanding the dismissal of DMJ's claims;
>
> (7) With respect to matters addressed in the Settlement Agreements, and under the governing contribution protection rules contained within CERCLA Section 113 and applicable federal, state and common law, the Settling Defendants shall be entitled to full and complete protection from any claim, counterclaim or cross-claim by any party, any non-settling party or other non-parties seeking contribution in any form; and
>
> (8) The Court shall retain continuing jurisdiction for the limited purpose of enforcing the terms of the Settling Agreements, including the specific enforcement by injunctive relief of the non-monetary performance obligations of the Settling Parties set forth in the Settlement Agreements and of adjudicating any third-party action of the Settling Defendants pursuant to paragraph (6) above . . . .

Id. at 6-7.

Although, as discussed below, the TPP's limitations period began to run, at the latest, on June 27, 2005, the date of the judicially approved settlement, NYCTA was not served with a third-party complaint until October 28, 2013. Affidavit of Service of TP-Complaint on NYCTA, Doc. #1480, filed 11/4/13.

## ARGUMENT

## POINT I

### THE COMPLAINT'S SECOND COUNT IS BARRED BY THE THREE-YEAR LIMITATIONS PERIOD UNDER CERCLA § 113(g) FOR CONTRIBUTION ACTIONS

The Third-Party Complaint, amended a fourth time so as to implead NYCTA, is time-barred as to NYCTA. CERCLA §113(g)(3), 42 U.S.C. § 9613(g)(3) addresses the time period within which a contribution action must be filed:

> (3) No action for contribution for any response costs or damages may be commenced more than 3 years after—
> (A)  the date of judgment in any action under this chapter for recovery of such costs or damages, or
> (B)  the date of an administrative order under section 9622(g) of this title relating to de minimis settlements) or 9622(h) of this title (relating to cost recovery settlements) or entry of a judicially approved settlement with respect to such costs or damages.

As originally enacted, CERCLA did not provide specifically that one potentially responsible person could recover from other potentially responsible persons to the extent that its response costs exceeded its fair share; however, some courts determined that a right to contribution in such cases could be implied from the language of § 107. See Cooper Indus., Inc. v. Aviall Servs., Inc., 543 U.S. 157, 162 (collecting cases), 125 S.Ct. 577, 160 L.Ed.2d 548 (2004); Schaefer v. Town of Victor, 457 F.3d 188, 196 (2d Cir. 2006). In 1986, Congress enacted the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 et

5

seq., 100 Stat. 1613, 1615 (1986), which amended CERCLA § 113 to expressly authorize contribution among responsible parties. Schaefer v. Town of Victor, 457 F.3d at 196-197.

That right to bring a claim, however, does not extend ad infinitum. The Second Circuit's admonition in Schaefer v. Town of Victor, supra, which affirmed the dismissal of CERCLA claims on statute of limitations grounds, is instructive:

> One of the primary functions of a limitations period, especially with regard to regulatory matters, is to ensure an intelligible record for our review. Statutes of limitations "protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise."

457 F.3d at 209 (citing United States v. Kubrick, 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)).

Whether one counts from the entry of the 2005 Settlement Order or the 2002 Consent Decree, the contribution claim was brought against NYCTA far beyond the statute of limitations.

**A.     The 2005 Court Approved Settlement**

The Third-Party Complaint itself pleads that TPPs, together with other Settling Defendants in the underlying action, entered into a settlement with DMJ, the plaintiff in the main action, pursuant to which they resolved DMJ's claims for response costs and damages; the TPPs, together with the Settling Defendants, also agreed to remediate contamination at the Quanta Facility and the Capasso property. TP-Complaint at ¶ 4. These commitments were incorporated into the order that approved that settlement, dismissed the underlying DMJ action, and provided for enforcement of the settlement terms. 2005 Settlement Order at 4-5, 7. Thus, TPPs (and the settling defendants whose claims were purportedly assigned to them) resolved their liability within the meaning of CERCLA § 113(f)(3)(B) and the three-year limitations period specified in CERCLA § 113(g)(3)(B) began to run on June 27, 2005, the date of the judicially approved

6

settlement. That three- year limitations period expired in 2008, years before the third-party complaint against NYCTA in this third-party action was served on October 28, 2013.

The statute and case law are unequivocal that a contribution action under CERCLA must be brought within three years of a judicially approved settlement. See, e.g., New York v. Solvent Chem. Co., Inc., 664 F.3d 22, 26 (2d Cir. 2011) (where a court-approved settlement with NYSDEC was entered on April 2, 1997, a suit for contribution could not be commenced after April 2, 2000); RSR Corporation v. Commercial Metals Co., 496 F.3d 552, 556 (6th Cir. 2007) (contribution action filed more than three years after entry of court-approved settlement barred by statute of limitations); United Technologies v. Browning Ferris Industries, Inc., 33 F.3d 96, 103 (1st Cir. 1994), cert. den., 513 U.S. 1183 (1995) (same); United Station Associates LLC v. Puget Sound Energy, Inc., 238 F.Supp.2d 1226, 1229 (W.D.Wash. 2002) (consent decree settling response costs and damages as to owner's CERCLA responsibility that was entered by state court is a "judicially approved settlement" as contemplated by CERCLA's statute of limitations provision, so contribution claim under CERCLA brought nearly four years after its entry is time-barred); Hydro-Manufacturing, Inc. v. Kayser-Roth Corporation, 903 F. Supp. 273, 277 (D.R.I. 1995). Consequently, the TTPs' contribution claim is barred by the statute of limitations.

In New York v. Solvent Chem. Co., Inc., supra, New York sued Solvent and others for environmental contamination at the Solvent Site. Several years later, Solvent and the State entered into a federal court consent decree settling the State's claims, which was approved by the district court. 664 F.3d at 26. Solvent commenced a third-party action against other parties more than three years later. The Second Circuit explained that because "the limitations period is

7

triggered by approval of the consent decree," which was entered on April 2, 1997, a suit for contribution could not be commenced after April 2, 2000.[3] Id.

In RSR Corporation v. Commercial Metals Co., supra, the 6th Circuit dealt with a proposed EPA consent decree settling claims which the district court accepted and entered in 1999. The Circuit affirmed the dismissal of a contribution action brought more than three years after the judicially approved settlement. The Circuit explained that just as a "judicially approved settlement" resolved complainant's liability for purposes of authorizing a contribution action, it also constituted a "'judicially approved settlement' for the purpose of limiting when that action may be brought [emphasis in original]." The Court continued:

> To conclude otherwise would allow a "judicially approved settlement" to authorize a contribution action to recover the "costs" imposed by that settlement without placing any limit on when that action must be brought. . . . Because RSR waited more than three years to bring its contribution action after the April 1999 consent decree, its complaint lies outside of the limitations period and must be dismissed.

496 F.3d at 556 (emphasis in original; citation omitted).

Similarly, in Hydro-Manufacturing, Inc. v. Kayser-Roth Corporation, supra,, the court held the plaintiff's contribution action as time-barred. A partial consent decree was entered by the district court on January 18, 1990, and the action was brought more than three years later, on October 20, 1994. The court pointed out that CERCLA provides that the trigger for contribution actions is when a "judicially approved settlement" is entered. 903 F.Supp. at 275, concluding that "[t]he claim seeking contribution was not commenced within three years of the entry of the Partial Consent Decree in this court on January 18, 1990; therefore, Hydro's complaint is dismissed." 903 F. Supp. at 277.

---

[3] The Circuit held that a third-party, DuPont, sued by Solvent waived its statute of limitations defense because DuPont failed to timely assert it. Id. at 27 fn. 1.

8

The situation is no different here. The TPPs waited eight years after the entry of the Court-approved settlement they had reached in the primary action to sue NYCT. Consequently, their claim for contribution against NYCTA is untimely.

**B.  The 2002 Consent Order**

The TPPs, along with a settling group of other defendants in the underlying action, entered into a Consent Order with the New York State Department of Environmental Conservation ("NYSDEC") in 2002. Section XIV of the Order provides:

> To the extent authorized under 42 U. S. C. Section 9613, New York General Obligations Law § 15-108, and any other applicable law, [each] Respondent shall be deemed to have resolved its liability to the State for purposes of contribution protection provided by CERCLA Section 113(f)(2) for "matters addressed" pursuant to and in accordance with this Order. "Matters addressed" in this Order shall mean all response actions taken to implement this Order for the Site and all response costs incurred by any person or party in connection with the work performed under this Order, including reimbursement of the State's costs pursuant to this Order.

Consequently, TPPs gained a right of contribution in 2002 pursuant to § 113(f)(3)(B) of CERCLA, which provides contribution protection to a potentially responsible party who "has resolved its liability to . . . a State for some or all of a response action . . . in an administrative or judicially approved settlement." CERCLA § 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B). In Niagara Mohawk  Power Corp. v. Chevron U.S.A., Inc., 596 F.3d 112 (2d Cir. 2010), Niagara Mohawk ("NiMo") argued that it was entitled to contribution under § 113(f)(3)(B) because it had executed a consent order with NYSDEC that constituted an administrative settlement. Although the lower court had refused to consider the consent order because it was an attachment to an attorney affidavit but was not included in any prior proceedings, the Second Circuit reversed and found that the district court had abused its discretion in not considering the consent order. The Circuit went on to state:

In our view, only §113(f)(3)(B) provides the proper procedural mechanism for NiMo's claims. Under § 113(f)(3)(B), a "person who has resolved its liability to the United States or a state for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not a party to the settlement."

The Niagara Mohawk decision makes it clear that the 2002 Consent Order entered into by TPPs is the type of administrative settlement that commences the running of the three year limitations period within which to bring a contribution action. In Chitayat v. Vanderbilt Assocs., 702 F.Supp.2d 69 (E.D.N.Y. 2010)(Hurley, J.), the Court held that the three year limitations period begins to run, at the latest, on the date of the Consent Order with NYSDEC. Id. at 69. In holding the plaintiff's contribution action time-barred, the Chitayat Court cited Cooper Industries, Inc. v. Aviall Servs., Inc., supra, 543 U.S. at 167, where the Supreme Court made clear that contribution actions are governed by a three-year statute of limitations that begins when a judgment or settlement is entered; the Chitayat court explained:

> Indeed, Cooper Industries seems to support not only that a three year statute of limitations applies to a contribution action based on resolution of liability to a state but that the triggering event should be the date of "settlement" of that liability, here the date of the Consent Order. See Id. [Cooper Industries, 543 U.S. at 167] ("Section 113(g)((3)(B) provides … 3 year limitations period for contribution actions, one beginning on the date of judgment … and one beginning on the date of settlement ..."). Such a conclusion comports with the rule under federal common law that it is the discovery of the injury which triggers the statute of limitations. Rotella v. Wood, 528 U.S. 549, 120 S. Ct. 1075, 145 L.Ed.2d 1047 (2000). Here Chitayat would have discovered this 'injury' no later than the date he entered the Consent Order.
>
> Accordingly, the Court concludes that Chitayat's § 113(f)(3)(B) claim is governed by a three year statute of limitations, which period began to run, at the latest, on the date of the Consent Order … accordingly, the claim is time-barred.

Chitayat v. Vanderbilt Assocs., 702 F.Supp.2d at 83.[4]  Thus, the TPPs' contribution claim is also barred because it was not brought within the earlier period allowed by the statute of limitations.

## POINT II

### TPPS' ONLY CAUSE OF ACTION IS ONE FOR CONTRIBUTION UNDER CERCLA § 113(f), AND THUS THEIR CLAIM UNDER CERCLA § 107(a) MUST BE DISMISSED.

Rather than repeat the legal arguments that have already been briefed by the TPDs, NYCTA refers to and incorporates by reference the legal analysis and basis for the motion sub judice regarding the CERCLA § 107(a) claim as set forth in the June 14, 2013 brief (Doc. # 1474-2, filed 10/39/13) and reply brief (Doc. # 1474-16, filed 10/30/13, submitted by the

---

[4] The TPPs submitted a letter to Magistrate Levy that purports to document the Settling Defendants'' withdrawal from the 2002 Consent Decree.  Doc. # 1441-9, filed 7/31/13.  That does not change the result here.  First, the statute does not even suggest that a statute of limitations can be voided by a party by failing to comply with its obligations under a settlement; CERCLA provides that the period begins to run when a settlement is reached, an event that the TPPs plead has occurred.  One hardly would expect CERCLA to allow such evasion of the limitations period since the purpose of CERCLA is to induce parties to implement cleanups, not void settlements that require cleanups in order to get some advantage in litigation.  Indeed, the Second Circuit has warned against interpreting the CERCLA statutes of limitations in a manner that would allow a party to manipulate the date when the statute begins to run.  Schaefer v. Town of Victor, 457 F.3d at 209 (limitations period should not interpreted to allow "suits in which the party seeking to recover response costs is a PRP, . . . [that] could engage in strategic behavior to preclude the start of any limitations period").  Second, assuming what is stated in the letter is accurate, all that happened is that the Settling Defendants withdrew from one settlement and entered into another through the State Brownfields Cleanup Program, NY Env. Conserv. L. Article 27, Title 14, §§ 27-1401, et seq., which provides contribution protection and settlement of claims by the State of New York, Id. at §§ 27-1421(1), (3), (6).  As far as the relationship between the Settling Parties and the State, nothing happened except that the TPPs will receive a generous tax credit.  Id. at § 27-1419(3); NY Tax L. §21.

11

Gibbons firm on behalf of its client, Rexam Beverage Can Company and a group of TPDs, and the United States' brief, dated June 28, 2013 (Doc. # 1477, filed 10/31/13).[5]

## POINT III

### IN THE ALTERNATIVE, QUANTA'S CONTRIBUTION CLAIM IN THE TP-COMPLAINT SHOULD BE DISMISSED AS UNWARRANTED IN VIEW OF QUANTA'S EGREGIOUS PAST BEHAVIOR IN ITS OPERATION AND ABANDONMENT OF THE QUANTA SITE

Rather than repeat the legal arguments that have already been briefed by the TPDs and TPDs, NYCTA refers to and incorporates by reference the legal analysis and basis for the motion sub judice regarding the CERCLA § 113(f) claim as set forth in the June 14, 2013 brief (Doc. # 1475-2, filed 10/30/13) and reply brief (Doc. # 1475-37, filed 10/30/13), submitted by the Gibbons firm on behalf of its client Rexam Beverage Can Company and a group of TPDs.

### CONCLUSION

Based upon the foregoing, it is respectfully submitted that Counts I, II, and III of the Fourth Amended Third-Party Complaint as against NYCT be dismissed with prejudice; and that in the alternative, the contribution claim made by Third-Party Plaintiff Quanta Resources Corp. be dismissed with prejudice.

Respectfully submitted,

/s/ Gordon J. Johnson

---

Gordon J. Johnson
Lawrence C. Jenkins
Metropolitan Transportation Authority
Office of General Counsel
347 Madison Avenue – 9th Floor

---

[5] Because the claims under both §§ 107(a) and 113(f) in the TP-Complaint's Courts I and II may not proceed, Count III, which seeks a declaratory judgment predicated on findings of liability under Counts I or II, also has to be dismissed. See RSR Corporation v. Commercial Metals Co., 494 F.Supp.2d 690, 700 (D.Ohio 2006), affirmed, 496 F.2d 552 (6th Cir. 2007).

New York, NY 10017
(212) 878-4633
(212) 878-1033
*Attorneys for Third-Party Defendant*
*New York City Transit Authority*

13