# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

DMJ ASSOCIATES L.L.C.,

                Plaintiff,

v.

CARL A. CAPASSO; ALCOA INC. (f/k/a ALUMINUM COMPANY OF AMERICA); ALLIED WASTE INDUSTRIES INC. (INCLUDING BROWNING FERRIS INDUSTRIES, LLC OR "B.F.I".); BARRY CONTROLS DIVISION OF BARRY WRIGHT CORPORATION; BASF CORPORATION; BEAZER EAST, INC. f/k/a KOPPERS COMPANY, INC.; BORGWARNER INC.; BP PRODUCTS NORTH AMERICA INC. (INCLUDING BP AMOCO CORPORATION, ATLANTIC RICHFIELD CO., AND AMERICAN BRASS-ANACONDA (a/k/a OUTOKUMPU AMERICAN BRASS, INC.)); BUCKEYE PIPE LINE COMPANY, LP; CARRIER CORPORATION; CATERPILLAR INC.; CHEMICAL LEAMAN TANK LINES, INC.; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY (FOR ITSELF AND ON BEHALF OF CHEVRON U.S.A. INC., TEXACO INC., AND KEWANEE INDUSTRIES, INC.); COLONIAL PIPELINE COMPANY; CRUCIBLE MATERIALS CORPORATION (A/K/A CRUCIBLE METALS) FORMERLY A DIVISION OF COLTEC INDUSTRIES; DAIMLERCHRYSLER CORPORATION; DANA CORPORATION; EVEREADY BATTERY CO., INC., SUCCESSOR TO CERTAIN OF THE BATTERY RELATED LIABILITIES OF UNION CARBIDE CORP.; EXXON MOBIL CORPORATION; FORD MOTOR COMPANY; GENERAL DYNAMICS CORPORATION; GENERAL ELECTRIC COMPANY; GENERAL MOTORS CORPORATION; GOULDS PUMPS; HONEYWELL INTERNATIONAL INC. (f/k/a ALLIED); INGERSOLL-RAND COMPANY; MACK TRUCKS, INC. a/k/a MACK FINANCIAL CORP.; METROPOLITAN SUBURBAN BUS AUTHORITY d/b/a MTA LONG ISLAND BUS; MILLER BREWING COMPANY; NANCO CONTRACTING CORP.; NIAGARA MOHAWK POWER CORP. (INCLUDING NATIONAL GRID USA AND NATIONAL GRID GROUP PLC); NORTHROP GRUMMAN CORPORATION (ON BEHALF OF NORTHROP GRUMMAN SYSTEMS CORPORATION (GRUMMAN AEROSPACE CORP.) AND NORTHROP GRUMMAN SPACE & MISSION

Order and Judgment of Dismissal

Civil Action No.
97-CV-7285
(DLI) (RML)

SYSTEMS CORPORATION (TRW INC.)); PARIBAS NORTH AMERICA INC. AS INDEMNITOR OF MERRILL LYNCH & CO., INC. AND MERRILL LYNCH MONEY MARKETS, INC.; PFIZER, INC. (INCLUDING WARNER-LAMBERT COMPANY, LLC (ITS FORMER SCHICK-WILKINSON SWORD DIVISION AND ITS FORMERLY OWNED SUBSIDIARY NEPERA, INC.) AND PHARMACIA CORPORATION (ITS WHOLLY OWNED SUBSIDIARY THE UPJOHN COMPANY)); PROCTER & GAMBLE HAIRCARE, LLC; PUBLIC SERVICE ELECTRIC AND GAS COMPANY; QUANTA RESOURCES CORPORATION; REVIEW SUPPLIES, INC.; REYNOLDS METALS CO. a/k/a REYNOLDS ALUMINUM; ROCKWELL AUTOMATION, INC.; ROME STRIP STEEL COMPANY, INC.; RUSSELL W. MAHLER; SHELL OIL CO.; SIKORSKY AIRCRAFT CORPORATION; SPX CORPORATION, ON BEHALF OF ITS FORMER DIVISION, LEEDS & NORTHRUP; THE HITCHCOCK GAS ENGINE COMPANY; THE MILLER COMPANY (n/k/a T CORP.); THE STANLEY WORKS; UNDERGROUND EQUIPMENT CO., LTD.; UNITED TECHNOLOGIES CORPORATION; AND VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, f/k/a WESTINGHOUSE ELECTRIC CORPORATION,

Defendants.

## Order and Judgment of Dismissal

Whereas, Plaintiff has filed a fourth amended complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response Compensation and Liability Act as amended ("CERCLA"), 42 USC § 9607(a), as well as the Resource Conservation and Recovery Act ("RCRA"), 42 USC § 6972(a) and the New York Common Law of nuisance seeking, in relevant part: (1) implementation of an appropriate abatement plan given the nature and extent of potential endangerment, for environmental conditions existing on certain real property located in Queens County, New York, more commonly known as 37-30 through 37-32 Review Avenue and 37-98

Railroad Avenue and 38-20 Railroad Avenue, Long Island City, New York (the "Capasso Property") and property located at 37-80 Review Avenue ("Quanta Facility"); and (2) reimbursement of recoverable response costs, attorney's fees, and/or other damages or costs incurred by DMJ that would be recoverable under the legal theories alleged; and

Whereas, Plaintiff DMJ Associates L.L.C., ("DMJ"), ("Plaintiff") and Defendants,[1] Alcoa Inc. (f/k/a Aluminum Company of America); Allied Waste Industries Inc. (including Browning Ferris Industries, LLC or "B.F.I".); Barry Controls Division of Barry Wright Corporation; BASF Corporation; Beazer East, Inc. f/k/a Koppers Company, Inc.; BorgWarner Inc.; BP Products North America Inc. (including BP Amoco Corporation, Atlantic Richfield Co., and American Brass-Anaconda (a/k/a Outokumpu American Brass, Inc.)); Buckeye Pipe Line Company, LP; Carrier Corporation; Caterpillar Inc.; Chemical Leaman Tank Lines, Inc.; Chevron Environmental Management Company (for itself and on behalf of Chevron U.S.A. Inc., Texaco Inc., and Kewanee Industries, Inc.); Colonial Pipeline Company; Crucible Materials Corporation (a/k/a Crucible Metals) formerly a division of Coltec Industries; DaimlerChrysler Corporation; Dana Corporation; Eveready Battery Co., Inc., successor to certain of the battery related liabilities of Union Carbide Corp.; Exxon Mobil Corporation; Ford Motor Company; General Dynamics Corporation; General Electric Company; General Motors Corporation; Goulds Pumps; Honeywell International Inc. (f/k/a Allied); Ingersoll-Rand Company; Mack Trucks, Inc. a/k/a Mack Financial Corp.; Metropolitan Suburban Bus Authority d/b/a MTA Long

---

[1] As used for purposes of applying the protections created by this Order, the term Defendants includes all their parents, and their predecessors, successors, subsidiaries, affiliates and assigns.

Island Bus; Miller Brewing Company; Niagara Mohawk Power Corp. (including National Grid USA and National Grid Group PLC; Northrop Grumman Corporation (on Behalf of Northrop Grumman Systems Corporation (Grumman Aerospace Corp.) and Northrop Grumman Space & Mission Systems Corporation (TRW Inc.)); Paribas North America Inc. as indemnitor of Merrill Lynch & Co., Inc. and Merrill Lynch Money Markets, Inc.; Pfizer, Inc. (including Warner-Lambert Company (its former Schick-Wilkinson Sword Division and its former wholly-owned subsidiary Nepera, Inc) and Pharmacia Corporation (its wholly-owned subsidiary The Upjohn Company)); Public Service Electric and Gas Company; Quanta Resources Corporation; Reynolds Metals Company a/k/a Reynolds Aluminum; Rockwell Automation, Inc.; Rome Strip Steel Company, Inc.; Shell Oil Co.; Sikorsky Aircraft Corporation; SPX Corporation, on behalf of its former division, Leeds & Northrup; The Miller Company (n/k/a T Corp.); The Stanley Works; United Technologies Corporation; and Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation (the "Settling Defendants"), without making any admission of fact, law, liability or fault related to the Litigation or the Site, and without affirmatively and specifically admitting or denying any of Plaintiff's allegations in the Fourth Amended Complaint, have resolved their differences as summarized below; and

Whereas Settling Defendants are entering into Agreements to settle and pay for all claims of DMJ and among one another including but not limited to claims under 42 USC §9607(a) (CERCLA) and 42 USC §6972(a) (RCRA) and which settlement provides the following general relief as specified more fully in separate signed and fully integrated agreements ("Settlement" or "Settlement Agreements"): (a) An equitable remedy to DMJ

4

that will eliminate to the satisfaction of the New York State Department of Environmental Conservation, consistent with applicable laws and regulations, the risk, if any, to the public and environment from the potential endangerment at, from or affecting the Capasso Properties, sourced from the Quanta Facility and to otherwise cooperate with Plaintiff to restore the Capasso Properties to a condition that is acceptable to the New York State Department of Environmental Conservation as consistent with applicable laws and regulations and with industrial use for property of the same type in the surrounding area; and (b) a monetary remedy that makes Plaintiff whole for acceptable recoverable response and remedial costs and other damages as would be recoverable under law.[2]

Now, therefore after due review and consideration by the Court, it is hereby ordered and adjudged:

(1) That no responsive pleading by the Settling Defendants is required under Rule 8 of the Federal Rules of Civil Procedure.

(2) That all claims brought by DMJ in this action against the Settling Defendants are hereby dismissed with prejudice and with each party to bear its own costs;

(3) That all cross claims and counter claims asserted by and among the Settling Defendants are hereby dismissed with prejudice (except to the

---

[2] Plaintiff's claims as against defendants Carl A. Capasso and Refinement International Corp were dismissed by plaintiff without prejudice on August 25, 2000 and plaintiff's claims against Darling International were dismissed without prejudice by Order of this Court on consent dated April 22, 2004. Plaintiff's claims as against defendant Russell Mahler, who has not answered or otherwise filed an appearance, have been dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

    extent rights are reserved in the Settlement Agreements) and with each party to bear its own costs;

(4) That the claims and cross claims asserted in the within action as against all of the non-settling defendants, including Proctor & Gamble Haircare LLC, Hitchcock Gas Engine Company, Russell W. Mahler, Review Supplies, Inc., Underground Equipment Co., Ltd and Nanco Contracting Corp. are hereby dismissed without prejudice and with each party to bear its own costs;[3]

(5) That the remedy provided to Plaintiff DMJ by the Settling Defendants in the Settlement Agreement constitutes one hundred percent (100%) of the legal and equitable relief that Plaintiff would have been entitled to under the claims and allegations pleaded in the complaint and accordingly Plaintiff has been made whole;

(6) By virtue of the terms of the Settlement, the Settling Defendants are extinguishing any liability of the non-settling parties to the Plaintiff, and may seek contribution, indemnification, or cost recovery as permitted by law, from any party, non-settling parties or other non-parties who are not a signatory to the Settlement including through any third-party action brought within the instant action notwithstanding the dismissal of DMJ's claims;

---

[3] Dismissal of Defendants Review Supplies, Inc., Underground Equipment Co., Ltd and Nanco Contracting Corp. is subject to Plaintiff's separate request for dismissal pending before the Honorable Dora L. Irizarry.

(7) With respect to matters addressed in the Settlement Agreements, and under the governing contribution protection rules contained within CERCLA, Section 113 and applicable federal, state and common law, the Settling Defendants shall be entitled to full and complete protection from any claim, counterclaim or cross-claim by any party, any non-settling party or other non-parties seeking contribution in any form; and

(8) The Court shall retain continuing jurisdiction for the limited purpose of enforcing the terms of the Settlement Agreements, including the specific enforcement by injunctive relief of the non-monetary performance obligations of the Settling Parties set forth in the Settlement Agreements and of adjudicating any third-party action of the Settling Defendants pursuant to paragraph (6) above. In any such action, non-settling parties are free to assert that their liability, if any, is subject to equitable apportionment and settling parties are free to assert it is not subject to equitable apportionment.

(9) The Clerk is directed to enter judgment dismissing DMJ's Fourth Amended Complaint in accordance with this Order but shall keep this action open so as to permit the adjudication of any third-party action of the Settling Defendants.

**IT IS SO ORDERED**
Dated: June 27, 2005

signed

Robert M. Levy
United States Magistrate

Consent to Order and Judgment of Dismissal

The following parties, by their counsel, will consent to the entry of this Order and Judgment of dismissal:

DMJ Associates L.L.C.
Alcoa Inc. (f/k/a Aluminum Company of America)
Allied Waste Industries Inc. (Including Browning Ferris Industries, LLC or "B.F.I".)
Barry Controls Division of Barry Wright Corporation
BASF Corporation
Beazer East, Inc. f/k/a Koppers Company, Inc.
BorgWarner Inc.
BP Products North America Inc. (including BP Amoco Corporation, Atlantic Richfield Co., and American Brass-Anaconda (a/k/a Outokumpu American Brass, Inc.))
Buckeye Pipe Line Company, LP
Carrier Corporation
Caterpillar Inc.
Chemical Leaman Tank Lines, Inc.
Chevron Environmental Management Company (for itself and on behalf of Chevron U.S.A. Inc., Texaco Inc., and Kewanee Industries, Inc.)
Colonial Pipeline Company
Crucible Materials Corporation (a/k/a Crucible Metals) formerly a division of Coltec Industries
DaimlerChrysler Corporation
Dana Corporation
Eveready Battery Co., Inc., successor to certain of the battery related liabilities of Union Carbide Corp.
Exxon Mobil Corporation
Ford Motor Company
General Dynamics Corporation
General Electric Company
General Motors Corporation
Goulds Pumps
Honeywell International Inc. (f/k/a Allied)
Ingersoll-Rand Company
Mack Trucks, Inc. a/k/a Mack Financial Corp.
Metropolitan Suburban Bus Authority d/b/a MTA Long Island Bus
Miller Brewing Company
Niagara Mohawk Power Corp. (including National Grid USA and National Grid Group PLC)
Northrop Grumman Corporation (on Behalf of Northrop Grumman Systems Corporation (Grumman Aerospace Corp.) and Northrop Grumman Space & Mission Systems Corporation (TRW Inc.))
Paribas North America Inc. as indemnitor of Merrill Lynch & Co., Inc. and Merrill Lynch Money Markets, Inc.

Pfizer, Inc. (including Warner-Lambert Company (its former Schick-Wilkinson Sword Division and its former wholly-owned subsidiary Nepera, Inc) and Pharmacia Corporation (its wholly-owned subsidiary The Upjohn Company))
Proctor & Gamble Haircare LLC.
Public Service Electric and Gas Company
Quanta Resources Corporation
Reynolds Metals Co. a/k/a Reynolds Aluminum
Rockwell Automation, Inc.
Rome Strip Steel Company, Inc.
Shell Oil Co.
Sikorsky Aircraft Corporation
SPX Corporation, on behalf of its former division, Leeds & Northrup
The Hitchcock Gas Engine Company
The Miller Company (n/k/a T Corp.)
The Stanley Works
United Technologies Corporation
Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation