**GIBBONS**

CAMILLE V. OTERO
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4509 Fax: (973) 639-8321
cotero@gibbonslaw.com

July 1, 2013

**VIA ELECTRONIC & REGULAR MAIL**

Allen G. Reiter, Esq.
Arent Fox LLP
1675 Broadway
New York, NY 10019

Andrew E. Anselmi, Esq.
McCusker, Anselmi, Rosen & Carvelli, P.C.
210 Park Avenue
Florham Park, NJ 07932

Re:   **DMJ Associates, LLC v. Capasso, et al.; Civil No. 1:97-CV-7285**

Dear Allen and Andrew:

    I write on behalf of those Third-Party Defendants ("TPDs") that are now members of the Gibbons' joint defense group (the "G-10")[1] to address certain remaining deficiencies in Quanta Resources Corporation's ("Quanta") and Exxon Mobil Corporation's ("Exxon") (collectively "Third-Party Plaintiffs" or "TPPs") responses to TPDs' discovery requests.

    We have reviewed your email dated June 2, 2013, in which you claim that TPPs' October 6, 2008 supplemental responses served to address and cure the deficiencies outlined in TPDs' June 13, 2008 deficiency letter. After further review, it is the position of the G-10 that many discovery deficiencies remain that must be corrected. The G-10 hereby incorporates the extensive record of deficiencies outlined in my letters to you dated May 23, 2013, none of which have been addressed or cured to date, and in prior letters from TPDs dated June 13, 2008.

    With respect to each Interrogatory and/or Document Demand for which TPPs claim that all information and/or documentation has already been produced, please confirm whether said response is still accurate and identify the specific information and/or documents that TPPs believe are responsive to that Interrogatory or Document Demand. If TPPs intend to produce additional documents and/or information in order to supplement and/or cure their discovery deficiencies, please advise as to when this production will take place.

    As a general matter, the TPPs' tactic (employed repeatedly throughout their responses) of referencing unreasonably large quantities of documents in response to a discovery request and then asserting that the burden of deriving or ascertaining the answer is substantially the same for

---

[1] Members of the G-10 include: Avco Corporation, Conoco Phillips Company, Crown Cork & Seal Company, Inc., Kraft Foods Global, Inc., New York City Transit Authority (a/k/a MTA-New York City Transit), Novelis Corporation (f/k/a Alcan Aluminum Corporation), Rexam Beverage Can Company, River Terminal Development, Sunoco, Inc., and Wyman-Gordon Company.

Allen G. Reiter, Esq.
Andrew E. Anselmi, Esq.
July 1, 2013
Page 2

TPDs as it would be for TPPs is a blatant violation of the Federal Rules of Civil Procedure ("FRCP"). Indeed, such responses run contrary to both the clear mandate, and intended spirit, of the FRCP and do nothing to further this litigation toward resolution. Furthermore, even if TPPs were to avail themselves of the option found at FRCP 33(d) regarding production of business records, TPPs are still required to specify the records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." FRCP 33(d)(1). This is something that the TPPs clearly have not done. Accordingly, the G-10 requests that the TPPs supplement all such deficient responses in order to comply with the FRCP.

**Deficient Interrogatories**

The following interrogatories remain deficient, as outlined in either my correspondence dated May 23, 2013, or the TPDs' prior correspondence of June 13, 2008. For your convenience, this list is broken down according to the specific deficiency or dispute at issue:

Rule 33 Deficiency: For the reasons outlined above, TPDs disagree with the position taken by TPPs that their responses to the following interrogatories comply with FRCP 33, and TPDs again request that TPPs supplement their responses and specifically identify which documents they believe are responsive to these requests:

- Interrogatory Nos. 2, 11, 15-19, 27-30, 33-38, 42-45, 48-51, 53-55, 57-59, 67, 69 and 71

Damages vs. Liability: For several interrogatories, in addition to violating FRCP Rule 33 by not designating the documents that TPPs believe to be responsive, TPPs take the position that the request relates to damages, not liability, and that no further answer is required of TPPs. TPDs disagree with this position and reiterate that TPPs cannot seek to recover damages against TPDs without identifying the specific fees and/or costs allegedly incurred for which you seek recovery. Invoices and/or other documents referencing these alleged fees and/or costs that TPPs seek to recover from TPDs are required to establish whether such fees and/or costs are NCP compliant and CERCLA recoverable response costs. At the December 16, 2008 hearing Judge Levy specifically ruled that the issue of NCP compliance is a *liability* issue and, therefore, discovery as to NCP compliance is appropriate in Phase I. As such, TPDs request that TPPs correct/supplement the following deficient interrogatories:

- Interrogatory Nos. 11, 27-30 and 45.

No Supplement: The following interrogatories were identified as deficient by TPDs in either the June 13, 2008 deficiency letter, or the May 23, 2013 deficiency letter, or both. As TPPs have not supplemented these interrogatories, they remain deficient for the reasons set forth in the referenced letters:

- Interrogatory Nos. 8, 9, 22-25, 31, 32, 47, 62 and 73.

Non-admissibility Objection: TPPs take the position that Interrogatory No. 1 is not likely to lead to the discovery of admissible evidence as TPPs believe that settlement discussions among and

Allen G. Reiter, Esq.
Andrew E. Anselmi, Esq.
July 1, 2013
Page 3

between counsel are confidential and non-admissible. TPDs disagree with this position, as laid out in our letter dated June 13, 2008. The information sought is neither privileged, nor does it fall within the narrow category of confidential information that is either protected from disclosure or whose disclosure may be conditioned upon entry of a protective order limiting dissemination of the information. Accordingly, TPDs request that TPPs supplement their response to this interrogatory.

**Deficient Document Demands**

The following Document Demands remain deficient, as outlined in either my correspondence dated May 23, 2013, or the TPDs' prior correspondence of June 13, 2008. For your convenience, this list is broken down according to the specific deficiency or dispute at issue:

Damages vs. Liability: In Document Demand No. 18, we requested documents relating to cleanup of the Review Avenue and Capasso properties. TPPs continue to take the position that our request concerns damages, not liability, and is therefore not discoverable at this time. This position is incorrect and TPPs' response remains deficient. For the reasons outlined above relating to NCP compliance issues, which are part of the initial liability phase of discovery, TPDs disagree with this position and find this response to be deficient.

Privilege Claim: TPPs take the position that Document Demand Nos. 6 and 7 request documents that are privileged and are not likely to lead to the discovery of admissible evidence. As stated in our letter of June 13, 2008, TPDs disagree with this position on the grounds that any documents shared with DMJ, including drafts of the Settlement Agreement that were exchanged with DMJ, are not privileged and must be produced. Moreover, as discussed below and in our prior correspondence, TPPs have failed to provide a comprehensive privilege log that appropriately identifies those documents purportedly being withheld under a claim of privilege including, but not limited to, those documents requested in Document Demand Nos. 6 and 7.

Confirm and Identify: With respect to Document Demand Nos. 9-15 and 29, TPPs take the position that they have produced all responsive documents. Please confirm that TPPs have no additional responsive documents and identify by bates number those documents that TPPs have produced and which TPPs believe are responsive to each Document Demand.

TPDs' Second Request for the Production of Documents: In addition to the extensive list of deficiencies outlined above, TPPs remain deficient in all of their responses to TPDs' Second Request for Production of Documents. In their response to Document Demand No. 1, TPPs raise several boilerplate objections, as well as an objection on the grounds that the request seeks documents related to damages and is therefore premature, and refuse to produce any documents. TPPs then do nothing more than refer back to this response for each subsequent request. Such "responses" are wholly inadequate, unresponsive and deficient. TPDs therefore request that TPPs provide responses to TPDs' Second Request for the Production of Documents. Should the TPPs persist in failing to produce the required responsive information and/or documentation, the

Allen G. Reiter, Esq.
Andrew E. Anselmi, Esq.
July 1, 2013
Page 4

TPDs will request that the Court impose sanctions against the TPPs, including but not limited to dismissal of TPPs' claims against the TPDs.

**Failure to Produce Privilege Log**

TPDs have requested, but have not received, a privilege log that reflects and identifies all materials purportedly withheld as "privileged" as well as the basis for asserting that said documents are privileged. The only privilege log produced by Third-Party Plaintiffs thus far does not appear to contain any documents beyond 1987 and does not include those documents that TPPs withheld as privileged and/or attorney work product in their responses to TPDs' Document Demands. Kindly advise as to whether TPPs will produce privilege logs prior to July 31, 2013, which is the deadline provided within the proposed Amended Case Management Order.

**Other Deficiencies**

As outlined in our correspondence to you dated December 3, 2012, TPPs' responses to TPDs' discovery requests are also deficient to the extent that TPPs have failed to produce information and documentation related to the former operations, and any known releases/discharges, of Charles Pratt Oil Works at, on or adjacent to the former Phoenix Beverage property, as well as any testing or sampling conducted at the former Phoenix Beverage property. TPDs' original joint discovery demands to TPPs sought information and documents related to the former Phoenix Beverage property. The failure to produce documents related to the Charles Pratt Oil Works' historical operations on that very same property clearly represents a discovery deficiency. We request that you supplement and correct TPPs' responses to include this information.

Please let us know your availability for a meet and confer to attempt to resolve these issues. In addition, be advised that TPDs will be serving supplemental discovery requests on TPPs in the near future. Thank you.

Sincerely,

Camille V. Otero
Director

cc:   All Counsel of Record