# Arent Fox

Arent Fox LLP / Attorneys at Law
Los Angeles, CA / New York, NY / San Francisco, CA / Washington, DC
www.arentfox.com

**Allen G. Reiter**
Partner
212.484.3915 DIRECT
212.484.3990 FAX
allen.reiter@arentfox.com

February 5, 2014

VIA ECF
Honorable Robert M. Levy
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *DMJ v. Capasso*, CV 97 7285 (DLI) (RML)

Dear Judge Levy:

We write on behalf of Third-Party Plaintiffs Quanta Resources Corp. and Exxon Mobil Corporation (the "TPPs") regarding the oral arguments scheduled for February 11, 2014 on the pending CERCLA § 107 motions. The TPPs intend to raise an argument that is not explicitly made in our opposition papers, although it is supported by the same facts and law set forth in our opposition. We write now so that both the Court and the movants have notice of the argument that we intend to make; given that the facts and law supporting this argument are all known to the Court and the movants already, there is no prejudice by virtue of the fact that this argument was not made explicit before, but rather making the argument explicit allows for a fully informed decision on the merits.

Under *U.S. v. Atlantic Research Corp.*, cited throughout the TPPs' opposition brief, § 113 is *not* the exclusive remedy available to TPPs, but rather, a PRP can bring a § 107 claim to recover costs voluntarily incurred to clean up a site. 552 U.S. 128 (2007). The crux of the TPDs' motion under CERCLA § 107 is that the TPPs are prohibited from bringing a § 107 claim against the TPDs because – as the private TPDs state in their Reply Brief (p. 1) – "[i]t is undisputed that the TPPs were sued under § 107(a) by Plaintiff DMJ Associates, L.L.C." and "the undisputed facts and applicable legal authorities make clear that *all of the costs* sought by the TPPs were expended in response to the § 107 action brought against them…." But while the first part of the TPDs' statement is correct as far as it goes, the second is not.

As TPDs and this Court know, the TPPs were sued by DMJ under § 107(a) but only relating to the North Capasso Site, not the Quanta Site. As part of the Settlement, title to the Quanta Site was conveyed to DMJ and the TPPs voluntarily assumed the obligation to fund the clean-up of the Quanta Site. Therefore, while the TPPs have properly stated a claim against the TPDs under § 107 with respect to both the North Capasso and the Quanta Site for all of the reasons already fully briefed, the distinction between the Quanta Site and North Capasso *vis-à-vis* the underlying DMJ litigation provides an additional reason why the TPDs' motion must fail with respect to the costs incurred by the TPPs on the Quanta Site.

**Arent Fox**

February 5, 2014
Page 2
Honorable Robert M. Levy

The TPPs believe that all necessary facts and law supporting this argument are included within the briefs already submitted to the Court, but nonetheless make this argument explicit out of an abundance of caution and out of respect for our adversaries and the Court.

          Respectfully submitted,

          */s/ Allen G. Reiter*

          Allen G. Reiter

cc:      All Counsel (via ECF)