**MARC**
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

McCusker · Anselmi
Rosen · Carvelli

210 Park Avenue, Suite 301
Florham Park, New Jersey 07932
Tel: 973.635.6300 · Fax: 973.635.6363
www.marc-law.com

Andrew E. Anselmi
*Director*
aanselmi@marc-law.com

March 18, 2014

**VIA ECF FILING**
Magistrate Judge Robert M. Levy
United States District Court
Eastern District of New York
United States Courthouse, Room 928S
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  DMJ Associates, L.L.C. v. Carl A. Capasso, et al.
     **Civil Action No. 97-Civ-7285 (DLI) (RML)**

Dear Magistrate Levy:

  As Your Honor is aware, this office represents defendant/third-party plaintiff Exxon Mobil Corporation ("ExxonMobil") in the above-referenced matter. Please be advised that ExxonMobil, except as set forth below, hereby joins in Quanta Resources Corporation's ("Quanta") letter brief and Supplemental Rule 56.1 Statement, both dated March 18, 2014, in further opposition to the motions filed by certain Third-Party Defendants for partial summary judgment on ExxonMobil and Quanta's (collectively "TPPs") CERCLA 107(a) claim as asserted in Count I of the Third Amended Third-Party Complaint.

  As does Quanta, ExxonMobil anticipates that TDPs will assert that even though DMJ never sued TPPs on the Quanta Site, the Court should nonetheless treat the TPPs as though they *had* been so sued because, according to the TPDs, "North Capasso cannot be remediated without remediating Quanta…[I]t's in all the reports. The Quanta site had to be cleaned up or else…they would not be able to clean up North Capasso." Transcript p. 25. It is ExxonMobil's position that, because there is no legal authority to support the consideration of TPDs' argument as a factor in the Court's analysis of whether TPPs may assert CERCLA §107 claims, the inquiry necessarily begins and ends with the fact that TPPs have incurred response costs in connection with the Quanta Site, but were never sued by DMJ (or any other party) under § 107 for contamination on the Quanta Site.

  While TPDs may embark on a journey to cobble together pieces of various reports from which they seek the Court to somehow infer that TPPs were, for lack of a better term,

Page 2

functionally sued by DMJ for the Quanta site contamination, they certainly can point to no document that states this proposition. By submitting snippets of information out of context, TPDs are, at a minimum, requiring this Court to make a factual determination (without legal authority) based entirely on inferences and/or requiring the Court to function as an environmental expert when interpreting the various allegedly applicable environmental reports. In so doing, TPDs are necessarily creating issues of fact.

For these reasons, ExxonMobil joins entirely in the legal arguments asserted in Quanta's letter brief dated March 18, 2014 and Quanta's Supplemental Rule 56.1 Statement, except insofar as those submissions seek to make inferences based on various environmental and documents (e.g. ¶¶ 22.a-b, 23.a-c, 24.a-c, and 25.a-b of Quanta's Supplemental Rule 56.1 Statement and any reference thereto in the Letter Brief), which are not only irrelevant to the Court's determination of the instant motion, but which are also only ultimately admissible through expert opinion. The fact remains, as asserted by Quanta, that none of the reports excerpted by the parties, state that remediation of the Quanta Site was necessary in order to remediate the North Capasso Property, and any inference offered otherwise by the TPDs will not only be incompetent lay testimony, but also in material conflict with the absence of any such affirmative statement in the reports.

Thank you for Your Honor's kind attention to this matter.

Respectfully submitted,

Andrew E. Anselmi

AEA/abc
cc:      All Counsel of Record (via ECF)