

WILLIAM S. HATFIELD
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4511  Fax: (973) 639-8320
whatfield@gibbonslaw.com

May 13, 2014

**VIA ECF**

The Honorable Robert M. Levy, U.S.M.J.
United States District Court for the Eastern District of New York
United States Courthouse, Room 928S
225 Cadman Plaza East
Brooklyn, New York  11201

    Re:  **DMJ Associates, L.L.C. v. Carl A. Capasso, et al.**
           **Civil Action No. 97-Civ-7285 (DLI) (RML)**

Dear Judge Levy:

    On behalf of Rexam Beverage Can Company and as liaison counsel for the other private Third-Party Defendants who have moved for partial summary judgment on Defendant/Third-Party Plaintiff Quanta Resources Corporation's ("Quanta") CERCLA Section 113(f) contribution claim [1] (ECF No. 1475) (collectively "Movants"), we write to request a brief adjournment of the oral argument on the motion on the CERCLA Section 113 claim, which is scheduled for Friday, May 16, 2014. Quanta's counsel has not consented to the adjournment.

    We seek the extension to allow Movants to supplement the materials submitted in support of their pending motion with new information from the Rule 30(b)(6) deposition of Quanta in the matter captioned Phoenix Beverages, Inc., et al. v. Exxon Mobil Corporation, et al., No. 1:12-CV-03771 (PKC) (JO). The fourth and final day of Quanta's 30(b)(6) deposition is scheduled for this Thursday, May 15, 2014. We respectfully submit that it would better serve the interests of judicial economy to adjourn the oral argument to early June so that the entirety of Quanta's 30(b)(6) deposition will be available, rather than necessitating separate submissions of material taken from the last day of the deposition. We suggest June 5 and June 6 as possible dates for the oral argument.

    Rule 56 permits the use of deposition testimony in support of a motion for summary judgment. Fed. R. Civ. P. 56(c)(1)(A). The transcript itself need not be admissible, but rather must simply contain statements that would be admissible if made at trial. Donovan v. Diplomat Envelope Corp., 587 F. Supp. 1417, 1426 (E.D.N.Y. 1984), aff'd, 760 F.2d 253 (2d Cir. 1985). The same principle supports the use of a deposition taken in a different action, especially where the two actions involve the same subject matter. See Fed. R. Civ. P. 32(a)(8) (permitting use of deposition taken in earlier action involving the same subject matter between the same parties); Horton v. Hussman Corp., No. 4:05 CV 65 DDN, 2007 WL 2885166, at *4 (E.D. Mo. Sept. 27,

---

[1] Namely, Crown Cork & Seal Company, Inc., Novelis Corporation (f/k/a ALCAN Aluminum Corporation), River Terminal Development. Wyman-Gordon Company is no longer a member of this group, and withdrew from the pending motion on February 11, 2014.

#2082349 v1
111815-85327

GIBBONS P.C.

The Honorable Robert M. Levy, U.S.M.J.
May 13, 2014
Page 2

2007); Western Land Corp. v. Crawford-Merz Co., 62 F.R.D. 550, 554 (D. Minn. 1973). Here, it would undeniably be appropriate for Movants to submit Quanta's Rule 30(b)(6) deposition testimony in this case in support of their motion. The testimony of Quanta's corporate designee on the same issues in the Phoenix Beverages litigation should be treated in the same way, especially inasmuch as Quanta's counsel in both matters has been present and has defended Quanta at the deposition. Cf. Fed. R. Evid. 804(b)(1) (former testimony at deposition is admissible when offered against party that had similar motive to develop it by direct, cross-, or redirect examination).

The testimony from Quanta's 30(b)(6) deposition is indisputably germane to the issues raised by Movants' pending motion. We submit that the Court should be able to consider the testimony prior to oral argument. Therefore, to allow for the possibility that Your Honor decides to proceed with oral argument on May 16, we are submitting herewith the Additional Certification of William S. Hatfield, which includes as exhibits the transcripts from the first three days of Quanta's Rule 30(b)(6) deposition in the Phoenix Beverages litigation. This testimony clearly supports many portions of Movants' Statement of Undisputed Material Facts and Movants' Responses to the Statement of Additional Material Facts of Quanta and Defendant/Third-Party Plaintiff Exxon Mobil Corporation (collectively "TPPs").

The following table sets forth citations to specific portions of Quanta's Rule 30(b)(6) testimony and those parts of Movants' Statement of Undisputed Material Facts and of Movants' Responses to TPPs' Statement of Additional Material Facts that the testimony corresponding to each citation supports.

| Transcript Citation (Date, Page(s):Lines(s)) | Movants' Statement of Undisputed Material Facts | Movants' Responses to TPPs' Statement of Additional Material Facts |
|---|---|---|
| February 6, 2014, 61:9-15 | ¶¶ 6, 13, 19, 20, 22 | ¶¶ 6, 10, 11, 14, 16 |
| February 6, 2014, 145:6-16 | | ¶¶ 26, 27, 28, 31 |
| February 6, 2014, 159:20-22 | | ¶¶ 26, 27, 28, 31 |
| February 6, 2014, 161:12-20 | | ¶¶ 26, 27, 28, 31 |
| February 6, 2014, 184:16-22 | | ¶¶ 26, 27, 28, 31 |
| February 6, 2014, 185:1-9 | | ¶¶ 26, 27, 28, 31 |
| February 6, 2014, 227:9 to 228:11 | | ¶¶ 26, 27, 28, 31 |
| February 6, 2014, 255:1 to 256:13 | | ¶¶ 26, 27, 28, 31 |

GIBBONS P.C.

The Honorable Robert M. Levy, U.S.M.J.
May 13, 2014
Page 3

| Transcript Citation (Date, Page(s):Lines(s)) | Movants' Statement of Undisputed Material Facts | Movants' Responses to TPPs' Statement of Additional Material Facts |
|---|---|---|
| February 6, 2014, 283:14-16 | | ¶¶ 26, 27, 28, 31 |
| March 6, 2014, 320:10-15 | ¶ 15 | |
| March 6, 2014, 408:22 to 409:3 | | ¶¶ 26, 27, 28, 31 |
| March 6, 2014, 409:11-20 | | ¶¶ 26, 27, 28, 31 |
| March 6, 2014, 413:6-7 | | ¶¶ 26, 27, 28, 31 |
| March 6, 2014, 500:7-15 | ¶ 15 | |
| May 2, 2014, 538:20 to 539:3 | | ¶ 30 |
| May 2, 2014, 550:10-14 | ¶¶ 6, 13, 19, 20, 22 | ¶¶ 6, 10, 11, 14, 16 |
| May 2, 2014, 551:22 to 552:4 | ¶¶ 6, 13, 19, 20, 22 | ¶¶ 6, 10, 11, 14, 16 |
| May 2, 2014, 596:2-6 | | ¶¶ 6, 10, 11, 16, 30 |
| May 2, 2014, 619:13-22 | | ¶¶ 11, 30 |
| May 2, 2014, 640:16-22 | | ¶¶ 6, 10, 11, 16, 30 |

Overall, Quanta's testimony establishes beyond dispute that despite being aware of severe contamination at the Review Avenue site and of serious deficiencies in the plant and equipment that would cause further contamination, Quanta did nothing to address those deficiencies, or to prevent the off-site migration of contaminants from the site, from the time it acquired the site in 1980 until at least 2002.

Respectfully submitted,

William S. Hatfield
Director

cc: All Counsel of Record (via ECF)