
**BOND SCHOENECK & KING**

One Lincoln Center | Syracuse, NY 13202-1355 | bsk.com

**THOMAS R. SMITH, ESQ.**
smithtr@bsk.com
P: 315.218.8325
F: 315.218.8425

May 19, 2014

**VIA ELECTRONIC FILING**

Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   *DMJ Associates, LLC v. Capasso, et al.*
       Action No. 1:97-cv-7285 (DLI-RML)

Dear Judge Irizarry:

We represent Third-Party Defendant Revere Copper Products, Inc. ("Revere") in this case. Pursuant to Your Honor's motion practice rule IV.A, we write to request a pre-motion conference for the purpose of seeking permission for Revere to file a motion for summary judgment based upon its prior discharge in bankruptcy. Alternatively, we request this Court to refer the matter to the Bankruptcy Court for the Southern District of New York, the court that handled the Revere bankruptcy, for enforcement of that Court's Confirmation Order and the discharge injunction provided for in section 524(a) of the Bankruptcy Code.

As described below, Revere recently moved the Bankruptcy Court to re-open its bankruptcy case for the purpose of enforcing the Confirmation Order and discharge injunction. At the hearing on Revere's motion, U.S. Bankruptcy Judge Shelley C. Chapman denied the motion without prejudice, on the ground that this Court should have a "right of first refusal" as to whether the issue should be in the District Court for the Eastern District of New York or in the Bankruptcy Court.

Revere, a Delaware corporation with its principal place of business in Rome, New York, is a successor-by-merger to a Maryland corporation by the same name, which was one of the affiliated debtors in the bankruptcy cases filed on October 27, 1982 in the Southern District of New York. On that date, Revere, its then parent corporation, Revere Copper & Brass, Inc., and twelve other affiliates, filed petitions for bankruptcy relief under Chapter 11 of the Bankruptcy Code. All of the debtors' bankruptcy cases were consolidated for administrative purposes (the "Revere Bankruptcy Cases").

On July 30, 1985, the Bankruptcy Court entered an Order Confirming Plan (the "Confirmation Order"). A copy of the Confirmation Order is attached as **Exhibit A**. The Confirmation Order discharged each of the debtors from all debts and claims that arose before the date of the

May 19, 2014
Honorable Dora L. Irizarry
Page 2

Confirmation Order, and enjoined the commencement or continuation of any action to collect, recover or offset any debt discharged by the Confirmation Order. The debtors' Plan of Reorganization was consummated on August 10, 1985.

The allegations against Revere in the third-party action in this case arise out of activities that all occurred prior to the date of the Confirmation Order, and in fact, prior to the commencement of the Revere Bankruptcy Cases. Specifically, Revere's liability is alleged to have arisen out of its disposal of oily wastes through companies owned or controlled by Russell Mahler, or Third-Party Plaintiff Quanta Resources, during the period 1972-1981. The environmental contamination at issue at the Review Avenue site occurred as a result of pre-petition activities, and was discovered prior to commencement of the Revere Bankruptcy Cases.

Revere asserted its bankruptcy defense in its Answers to the Amended Third-Party Complaint, and subsequent amendments of it, specifically citing the provisions of the July 30, 1985 Confirmation Order discharging Revere from all debts that arose before the date of the Order. Revere also has asserted its bankruptcy defense in its Answers to Third-Party Plaintiffs' contention interrogatories.

On October 10, 2013, Revere filed a motion in the Bankruptcy Court for the Southern District of New York to re-open the Revere Bankruptcy Cases to assert its claims of discharge and violation by the Third-Party Plaintiffs of the discharge injunction and Confirmation Order. After several delays, the motion was fully briefed by Revere and Third-Party Plaintiffs, and argued before the Honorable Shelley C. Chapman on April 17, 2014. A transcript of that oral argument and the Court's bench ruling, and the Court's Order, are attached as **Exhibit B**.

Revere argued that the Bankruptcy Court would be the appropriate court to resolve the issues raised by Revere's bankruptcy defense, because the defense applies to the third-party claims against it in both this action and the action entitled *Phoenix Beverages, Inc. v. ExxonMobil Corp., et al v. Ace Waste Oil, Inc., et al.*, case no. 12-cv-03771 (PKC)(JO), as well as potential other actions arising out of the same contamination. Revere initially raised this issue with the Bankruptcy Court because, among other reasons, it is seeking enforcement of an order of that Court.

In her bench decision on April 17, 2014, Judge Chapman ruled that this Court should have the opportunity to serve as the gatekeeper to decide whether the issue should be raised in the Eastern District of New York or in the Bankruptcy Court:

> …, I feel that the District Court has first dibs if you will. And if the District Court Judge, whichever one you would choose to raise this, would prefer to refer it to this Court, then of course I would decide the question. … And I do think it is, it is a bankruptcy issue, but is also a CERCLA issue. And is one

May 19, 2014
Honorable Dora L. Irizarry
Page 3

> that I've looked at and you know, any number of other cases. So I am very familiar with the issue.
>
> But I would think that the District Court Judge who's been presiding over this for quite some time would rather like to control you know, the disposition of this kind of a gating issue, and if a referral back is what that Court decides it wants to do, I would obviously take it in and be happy to act on it. … I believe that this is best addressed in the first instance, or at least given a right of first refusal to the District Court, one of the District Court Judges, who's presiding over these cases. And in the event that that Court determines that it would prefer that the Bankruptcy Court decide the issue, then we will do so forthwith. (Transcript, pp. 17-18).

Whether raised in this Court or the Bankruptcy Court, the issues that the Court will be asked to consider are whether the Third-Party Plaintiffs had a pre-petition (actually pre-Confirmation Order) claim, and whether they had sufficient notice of the bankruptcy case. A "claim" is defined by the Bankruptcy Code as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured …." 11 U.S.C. § 101(5)(A). Whether a "claim" exists is determined by bankruptcy law, and courts interpret the term broadly. See, *In re. Chateaugay Corp.*, 944 F.2d 997, 1002-1003 (2d Cir. 1991); *In re. Texaco, Inc. (Kling Realty Co., Inc. v. Texaco)*, 2011 U.S. Dist. LEXIS 111533 at *11 (Sept. 28, 2011, S.D.N.Y.). The Second Circuit has held that so long as CERCLA response costs arose out of pre-petition releases or threatened releases of hazardous substance, a dischargeable claim exists. *In re. Chateaugay Corp.* at 1002. "A claim may exist even where, as in this case, the parties lack complete knowledge about the scope of [the] potential liability." *In re. Manville Forest Products Corp.*, 209 F.3d 125, 129 (2d Cir. 2000).

Revere is prepared to show that the CERCLA claims asserted by Exxon and Quanta arose out of contamination attributable to the activities of the Mahler Companies and Quanta, which occurred before the filing of the Revere Bankruptcy Cases. Revere is also prepared to show not only that the Third-Party Plaintiffs were well aware of the environmental releases and the conduct of the Mahler Companies that caused the releases, the potential for liability, and the identity of multiple waste generators, including Revere, well before the commencement of the Revere Bankruptcy Cases and the Confirmation Order, but that they also had either actual notice or constructive notice of the Revere Bankruptcy Cases and the Confirmation Order.

Therefore, Revere respectfully requests that this Court hold a pre-motion conference, and either grant permission for Revere to raise its bankruptcy defense by way of a summary judgment motion in this Court, or alternatively, refer the issue back to the Bankruptcy Court for the Southern District of New York for adjudication of the court's own order.

May 19, 2014
Honorable Dora L. Irizarry
Page 4



Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

*Thomas R. Smith*

Thomas R. Smith
*Attorneys for Third Party Defendant*
*Revere Copper Products, Inc.*

TRS/nlc
Attachments

cc:   Honorable Robert M. Levy, U.S. Magistrate Judge
      All Counsel of Record *(via ECF Filing)*