

**ATTORNEYS AT LAW**

151 North Franklin Street
Suite 2500
Chicago, IL  60606

312-704-3000
312-704-3001 (fax)
**www.hinshawlaw.com**

Thomas D. Lupo
tlupo@hinshawlaw.com

June 25, 2018

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    *DMJ Assoc., LLC v. Capasso*, No. 97-CV-7285 (DLI/RML)
             (Third-Party Litigation)

Dear Magistrate Judge Pohorelsky:

I write on behalf of the entities listed below ("Assignor Entities"[1]) which settled this matter many years ago, and as part of that settlement, assigned related Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") contribution claims to Third-Party Plaintiffs Exxon Mobil Corporation and Quanta Resources Corporation.  We are not parties to the *DMJ Assoc., LLC v. Capasso* contribution litigation, have not asserted any claims in this litigation, do not wish to become parties, and to the best of my knowledge no counsel representing any of the Assignor Entities have appeared in this contribution litigation.  Further, we do not by participation in these limited settlement discussions intend to formally appear in the contribution litigation, waive any rights or claims which we may have, or otherwise consent to this Court's jurisdiction.

Your Honor's May 17, 2018 Settlement Conference Order directs the non-party, Assignor Entities to attend the currently scheduled June 27, 2018 settlement conference to address a "final impediment to a resolution of the third-party action," which in fact affects and compromises unassigned future rights of the Assignor Entities concerning unknown and unasserted claims by unidentified parties in the future.  In large part, this issue has now arisen as the settlement terms were not disclosed to the Assignor Entities until <u>after</u> the contribution litigation parties had "finalized" their agreements, despite the Assignor Entities' numerous

---

[1]   The Assignor Entities are:  Alcoa Inc/Reynolds Metals Company; BASF Corporation; Beazer East, Inc.; BorgWarner Inc.; Quality Carriers, Inc. as successor to Chemical Leaman Tank Lines, Inc.; Ford Motor Company; Electric Boat Corporation, a General Dynamics Company; Honeywell International Inc.; Ingersoll Rand Company; Northrop Grumman Corp.; Rockwell Automation/Rockwell International; Stanley Black & Decker, Inc.; and United Technologies Corporation, Carrier Corporation, and Sikorsky Aircraft Corporation.

Honorable Viktor V. Pohorelsky
June 25, 2018
Page 2

requests for such information from Third-Party Plaintiffs over a period of months preceding the agreements.

To fully respect Your Honor's order many non-party counsel would have to break other commitments and/or travel from outside of the State of New York to attend the conference and now after being repeatedly told this session would be rescheduled to mid-July. This same group of Assignor Entities has frequently coordinated through me as liaison counsel to attend court sessions scheduled by Magistrate Orenstein in a related lawsuit while they otherwise participated or were available by telephone. We understand from the Gibbons Group liaison counsel that Your Honor has accepted its liaison counsel's in person participation on behalf of their broader joint defense group members. In this same vein, we request that liaison counsel for the Assignor Entities as well as at least one or more Assignor Entities counsel be permitted to participate in person, and that the other Assignor Entities' counsel would have the option of participating in person or being available by telephone. If acceptable, I can coordinate the call and circulate a call-in number.

We have asked the parties involved whether they acquiesce to the participation by telephone of the liaison counsel-represented parties and counsel for Third Party Plaintiffs have consented to this approach. The Gibbons Group liaison counsel – who, as noted above, has appeared a number of times before this court in the liaison counsel manner – has declined without substantive explanation to assent to our request. If the Assignor Entities are directed to attend in person, it seems most appropriate that all parties should be directed to so participate in person.

We respectfully request that Your Honor allow participation by telephone of other than Assignor Entities' liaison counsel.

Respectfully submitted,

**HINSHAW & CULBERTSON LLP**

*Thomas D. Lupo*

Thomas D. Lupo
Liaison Counsel for Non-Party Assignor Entities

Copy via Facsimile and/or Email
cc:     Honorable Dora L. Irizarry
        Magistrate Judge Robert M. Levy
        All Counsel of Record
        Assignor Entities

302075224v1 2594