UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
DMJ ASSOCIATES, L.L.C.,                                        :
                                                               :
      Plaintiff,                  :
                                                               :
        -against-         :
                                                               :     **MEMORANDUM AND ORDER**
CARL A. CAPASSO, *et al*,                                      :     **ADOPTING REPORT &**
                                                               :     **RECOMMENDATIONS**
      Defendants,                 :     97-cv-7285 (DLI)(RML)
                                                               :
-------------------------------------------------------------- X
                                                               :
EXXON MOBIL CORPORATION and                                   :
QUANTA RESOURCES CORPORATION,                                 :
                                                               :
      Defendants/Third-Party Plaintiffs, :
                                                               :
        -against-         :
                                                               :
ACE WASTE OIL, INC., *et al*,                                 :
                                                               :
      Third-Party Defendants.     :
-------------------------------------------------------------- X

**DORA L. IRIZARRY, Chief Judge:**

Before the Court are objections to two reports and recommendations (the "R&Rs") issued

by United States Magistrate Judge Robert M. Levy involving motions challenging the third-party

complaint of Exxon Mobil Corporation ("Exxon Mobil") and Quanta Resources Corporation

("Quanta," and together, "Third-Party Plaintiffs" or "TPPs") against various entities ("Third-Party

Defendants" or "TPDs"), including the United States Department of the Air Force, the United

States Department of the Army, the United States Department of the Coast Guard, the United

States Department of Defense, and the United States Department of the Navy (collectively, the

"Federal Third-Party Defendants" or "Federal TPDs"), and Revere Copper Products, Inc. a/k/a

Revere Copper & Brass Incorporated ("Revere").  (*See* Third-Party Compl., dated Nov. 24, 2004,

Dkt. Entry No. 754.)    The first report and recommendation, issued on October 31, 2016, recommends granting the Federal TPDs' motion to dismiss the Third-Party Complaint as to the Federal TPDs because the claims against the Federal TPDs are premised on assignments that violate the Assignment of Claims Act, 31 U.S.C. § 3727.  (R&R, dated Oct. 31, 2016 ("Federal TPD R&R"), Dkt. Entry No. 1630; *see* Mem. of Law ISO Federal TPDs' Mot., ("Federal TPDs Motion"), Dkt. Entry Nos. 1465.) The second R&R, issued on November 22, 2016, recommends denying Revere's motion for partial summary judgment that seeks dismissal of claims brought by the TPPs on behalf of other entities.  (R&R, dated Nov. 22, 2016 ("Revere R&R"), Dkt. Entry No. 1635; *see* Mem. of Law ISO Revere Mot. ("Revere Motion"), Dkt. Entry No. 1502.)  In the Revere R&R, the magistrate judge recommended that, because those other entities properly assigned their rights to the TPPs to initiate litigation on their behalf, Revere's Motion should be denied.  (*Id.*)

Upon due consideration and review, the objections are to the R&Rs are overruled, and the R&Rs are adopted with one modification to make clear that any purported claims of Daimler Chrysler Corporation, Dana Corporation, and General Motors Corporation are dismissed from the third-party action.  Accordingly, (i) the Federal TPDs Motion is granted; and (ii) the Revere Motion is granted to the extent that any purported claims of Daimler Chrysler Corporation, Dana Corporation, and General Motors Corporation are dismissed, and the motion is otherwise denied.

## BACKGROUND

The procedural history relevant to these motions is set forth in the R&Rs and familiarity with the case history is assumed.  (Federal TPD R&R at 1-6; Revere R&R at 1-4.)  In sum, in the underlying first-party action, plaintiff DMJ Associates, L.L.C. ("DMJ") brought an environmental cleanup cost recovery claim against various defendants, including the TPPs, under § 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"),

2

42 U.S.C. § 9607, *inter alia*.  The TPPs and other first-party defendants subsequently entered into a settlement agreement with DMJ in which the first-party defendants agreed to pay certain monies to DMJ for its response costs and to remediate conditions at the facilities in question.  The TPPs then filed the Third-Party Complaint for response costs and contribution under CERCLA (*see* Third-Party Compl.), which has since been amended, to assert that other settling defendants in the first-party action (the "Settling Defendants" or "SDs") had assigned to the TPPs "their rights to recover response costs, their right to seek contribution arising from their payments to DMJ and their costs of fulfilling their commitment to DMJ to remediate the Quanta Facility and the Capasso Property."  (Third Amended Third-Party Complaint at ¶ 6, Dkt. Entry No. 1149.)  The legal ramifications of this purported assignment is at the heart of both motions before the Court.

### A.  Federal TPDs Motion

On October 21, 2013, the Federal TPDs filed the Federal TPDs Motion, arguing that the TPPs "have not met their burden of demonstrating that they have standing under Article III of the Constitution to assert the claims that the [SDs] purportedly assigned to them."  (Federal TPDs Mot. at 7; *see* Opp. to Federal TPDs Mot., Dkt. Entry No. 1467; Reply in Further Support of Federal TPDs Mot., Dkt. Entry No. 1469.)  Specifically, the Federal TPDs argue that, because the purported assignment fails to comply with the Assignment of Claims Act, the assignment must be rendered null and void as against the United States, and, as a result, the TPPs lack standing to recover from the Federal TPDs.  (*See generally* Federal TPDs Mot.)

On October 31, 2016, the magistrate judge issued the Federal TPDs R&R, recommending that the Federal TPDs Motion be granted.  (Federal TPDs R&R.)  The magistrate judge acknowledged that some of the issues the Assignment of Claims Act was designed to prevent are not implicated in this case.  (*Id.* at 7-8, 11-12.)  Nevertheless, the magistrate judge found that the

fact that the purported assignment, if enforced, would deprive the United States of defending each claim directly and individually is a sufficient basis for finding that the assignments at issue do not meet the requirements of the Assignment of Claims Act.  (*Id.* at 12.)  The magistrate judge also (i) found that the Federal TPDs did not waive their opportunity to challenge the purported assignments (*id.* at 13-14); and (ii) deferred on ruling on the propriety of the SDs joining this action until any such motion is presented to the Court (*id.* at 14-15).

On November 14, 2016, the TPPs timely filed objections to the Federal TPDs R&R. (Objections to Federal TPDs R&R, Dkt. Entry No. 1632; *see* Opp. to Objections to Federal TPDs R&R, Dkt. Entry No. 1644; Reply in Further Support of Objections to Federal TPDs R&R, Dkt. Entry Nos. 1647 & 1648.)  The TPPs principally contend that the magistrate judge erred in ruling that the assignments at issue here (i) do not fall under an Assignment of Claims Act exception, as the Act requires permitting the government to confront and defend each claim directly and individually; and (ii) would, in fact, deprive the Federal TPDs the opportunity to confront and defend against each claim directly and individually.  (*See* Objections to Federal TPDs R&R Objections at 4-12.)  The TPPs also contend that factual issues exist as to whether the Assignment of Claims Act applies to the assignments and as to whether the Federal TPDs consented to the assignments.  (*Id.* at 11-14.)

### B.  Revere Motion

On November 21, 2013, Revere filed the Revere Motion.  (Revere Mot.; *see* Opp. to Revere Mot., Dkt. Entry No. 1503; Reply in Further Support of Revere Mot. ("Revere Reply"), Dkt. Entry No. 1504.)  Revere asserts that, because the assignment of rights from the SDs to the TPPs was improper, the TPPs are not the "real parties-in-interest" with respect to the SDs' claims.  (*See* Revere Mot.; Revere R&R at 4-6.)

On November 22, 2016, the magistrate judge issued the Revere R&R, finding that the assignment of rights from the SDs to the TPPs was valid, and as a result, Revere's "real parties-in-interest" argument has no merit.  (Revere R&R.)  The "Assignment of Rights" document at issue provides that the SDs assigned "to Exxon Mobil Corporation and to Quanta Resources Corporation all contribution rights it may have against Third-Parties . . . ," and, a second document, entitled the "Participation Agreement," further provided that "counsel for Exxon and Quanta will have exclusive authority as to the conduct of the Third-Party Action."  (*Id.* at 12.)  Revere argues generally that, because the assignment transferred only the right to sue and collect on the SDs' claims without a transfer of title, the assignment is not valid.  (*See* Revere Mot.; Revere Reply.").  The magistrate judge rejected this argument, noting that, in each of the cases cited by Revere in which a court found an assignment invalid, "the assigning party reserved control over the claim, whether by being able to terminate counsel, to revoke the assignment, or otherwise."  (Revere R&R at 10.)  The magistrate judge found that here, in contrast to those cases, "Revere does not, and cannot, point to any evidence that the Settling Defendants have exercised or attempted to exercise any control over the assigned claims."  (*Id.* at 12.)  Finally, the magistrate judge rejected Revere's argument that the assignment was invalid for want of consideration, noting that, under New York law, consideration is not required when the assignment is in writing.  (*Id.* at 14-15 (citing N.Y. Gen. Oblig. Law § 5-1107).)

On December 8, 2016, Revere timely filed objections to the Revere R&R.  (Objections to Revere R&R, Dkt. Entry No. 1638; *see* Opp. to Objections to Federal TPDs R&R, Dkt. Entry No. 1642 & 1643.)  The objections largely regurgitate the arguments made in the Revere Motion.  (*Compare* Objections to Revere R&R *to* Revere Mot.)  In the event the R&R is adopted, Revere asks the Court to modify the R&R in the following respects:  (i) to clarify that the TPPs may not

assert claims of settling defendants who did not execute assignments; (ii) find that the assignments are effective only to "assign the [SDs'] claims for contribution under CERCLA § 113(f), and not any claims pursuant to CERCLA § 107(a);" and (iii) find that the date of the purported assignments is the date that governs for purposes of determining whether the statute of limitations has run. (Objections to Revere R&R at 9-12.)

## DISCUSSION

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (citations and internal quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for a party to raise . . . arguments is to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (alteration added in *Moss*; other alterations from *Moss* omitted). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the

district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

**I.      The TPPs' Objections to the Federal TPDs R&R are Overruled.**

The TPPs object generally to the ultimate conclusion of the Federal TPDs R&R that the "voluntary assignments have not met the requirements of the Assignment of Claims Act, which was designed to give the United States the opportunity to confront and defend against each claim directly and individually."  (Federal TPDs R&R at 12 (citing *Nelson Constr. Co. v. United States*, 79 Fed. Cl. 81, 87 n.9 (Fed. Cl. 2007 ("The intent of the Assignment of Claims Act is to allow the government to deal exclusively with the original claimant and to place the government on notice of its obligations.")).)  The thrust of the TPPs' argument is as follows:  (i) the Assignment of Claims Act does not bestow the government with an absolute right to defend against each claim brought against it directly and individually; and (ii) even if Assignment of Claims Act confers such a right, in this case, the Federal TPDs are not actually limited in their ability to defend each claim directly and individually.  (Objections to Federal TPDs R&R.)  The Court does not find either argument to be persuasive.

Much of the TPPs' memorandum focuses on *Patterson v. U. S., Nw. Nat. Bank of Minneapolis*, 354 F.2d 327 (Ct. Cl. 1965), which they cite for the proposition that, where the assignee seeks to recover "all the assets of the original claimant and not merely a portion of those assets sufficient only to satisfy the claims of an individual creditor to the exclusion of other creditors," the Assignment of Claims Act does not require that the government "deal exclusively with the original claimant."  (Objections to Federal TPDs R&R at 8-9 (quoting *Patterson*, 354 F.2d at 329-30).)  However, this reliance is misplaced as *Patterson* addressed a question not before this

7

Court—namely, whether an assignment of only a portion of an assignors' claims against the United States (via a court-appointed receivership) may be considered an "operation of law" exception to the Assignment of Claims Act. *See Patterson*, 354 F.2d at 827 ("The liberalizing trend of the courts in expanding the 'operation of law' exception to the statute has been continuous since *Erwin v. United States*[,97 U.S. 392 (1878)], *supra*, but the case at hand cannot be made to fit within the limits of the exception as developed to date."). As the magistrate judge pointed out—and the TPPs did not challenge in their objections—"[t]he TPPs do not contend that they have complied with the requirements of the [Assignment of Claims Act], or that the assignments occurred by operation of law." (Federal TPDs R&R at 9.) As the "operation of law" exception is not at issue here, the observations quoted in *Patterson* are inapplicable to the Federal TPDs motion.

In fact, *Patterson* directly reinforces the conclusion reached by the magistrate judge that, among the purposes of the Assignment of Claims Act is to "enabl[e] the United States to deal exclusively with the original claimant instead of with several parties." *Patterson*, 354 F.2d at 329; Federal TPDs R&R at 8 (quoting *Patterson*, 354 F.2d at 329). Indeed, as the magistrate judge observed in the R&R, the United States Supreme Court expressly has recognized this purpose in *United States v. Shannon*, 342 U.S. 288 (1952), a case the TPPs did not even acknowledge until their reply brief in further support of their objections. (*See* Federal TPPs R&R at 8 ("Other purposes include protecting the United States from the risk of making multiple payments of claims, from having to investigate the alleged assignments, or from having to 'deal with persons who were strangers to the damage and are seeking to enforce a claim which their assignors have forsworn,' and 'to save to the United States 'defenses which it has to claims by an assignor by way of set-off, counter claim, etc., which might not be applicable to an assignee.'"") (quoting *Shannon*, 342 U.S. 288, 291-93) (citations omitted).) For these reasons, the Court agrees with the magistrate judge's

interpretation of the Assignment of Claims Act as applied to the assignments at issue here.[1]

Moreover, the Court does not agree with the TPPs that the ability of the Federal TPDs to defend itself against each assigning party "is in no way hindered by the assignments at issue." (Objections to Federal TPDs R&R at 9.)  As the government notes correctly, "obtaining discovery from the purported assignors (the [SDs] here) is not the same as asserting defenses and contribution counterclaims against each SD individually and obtaining a ruling as to the fair share of each of them, rather than as to the SDs and TPPs collectively."  (Opp. to Federal TPDs Mot. at 8.)

Finally, the Court has considered *de novo* the TPPs' argument that the TPDs consented to the assignments for failing to timely challenge them in this action.  (*Id.* at 12-14.)  For the same reasons stated in the R&R, the Court finds that the TPDs have not waived their opportunity to challenge the assignments.  (Federal TPDs R&R at 13-14.)

## II.    Revere's Objections to the Revere R&R are Overruled.

As an initial matter, the Court notes that it agrees with the TPPs that, pursuant to the approach typically endorsed by the courts of this circuit, the standard of review here would be "clear error," as Revere largely has regurgitated the same arguments it made in the Revere Motion. However, as noted above, the Second Circuit Court of Appeals recently has questioned this approach, suggesting, in dicta, that it may run counter to plain meaning of 28 U.S.C. § 636(b)(1) by potentially foreclosing district court review over certain conclusions.  *See Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (citing 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Watson v. Geithner*, 2013 WL 5441748, at *2

---

[1]       As the Court finds that the purposes of the Assignment of Claims Act are implicated here, the Court also disagrees there is an issue of material fact as to "whether the application of the Act to the Assignments would serve the Act's purposes."  (Objections to Federal TPDs R&R at 11.)

(S.D.N.Y. Sept. 27, 2013)).  As such, in an abundance of caution, the Court has conducted a *de novo* review over Revere's objections.

Nevertheless, even under the more stringent standard of review, the Court finds Revere's objections lack merit.  Revere summarizes its overall argument as follows:  "notwithstanding use of the term 'assign,' the integrated agreement . . . in fact creates only an agency relationship between the Settling Defendants and Exxon Mobil and Quanta, not a true assignment of claims, and that the R&R is in error in concluding otherwise."  (Objections to Revere R&R at 4.)  More specifically, Revere contends, among other things, the magistrate judge erred in ignoring the fact that the assignment documents do not "contain[] any language of *sale or transfer of ownership or title* to the Settling Defendants' claims."  (*Id.* at 6 (emphasis in original).)  In so arguing, Revere talks out of both sides of its mouth.  On the one hand, Revere suggests that, to constitute a valid assignment, the relevant assignment documents must contain certain language reflecting transfer of an ownership right.  (*Id.*)  On the other hand, as the magistrate judge observed in the Revere R&R, Revere acknowledges that "'no magic language' is necessary to create a valid assignment." (Revere R&R at 12 (quoting Revere Reply at 1).)  Revere cannot have it both ways.  In fact, as explained by the magistrate judge, "[f]or an assignee to be considered the real party-in-interest, New York law requires only that the assignor be divested of control, while the assignee receives the right to control the subject of the assignment."  (Revere R&R at 8 (citing, *inter alia*, *Titus v. Wallick*, 306 U.S. 282, 288 (1939)).)

Here, the plain language of the assignment documents evidences the validity of the assignment under this standard as the documents demonstrate the TPPs were to have complete control over all aspects of the SDs' claims. In the document entitled "Assignment of Rights," the SDs expressly "assign[ed] . . . to Exxon Mobil Corporation and to Quanta Resources Corporation

all contribution rights it may have against Third-Parties . . . ." (*See* R&R at 4.)  The document entitled "Participation Agreement" further confirms the control conferred to the TPPs, providing that counsel for Exxon and Quanta have "exclusive authority as to the conduct of the Third-Party Action in connection with both their own clients' direct interests and the rights and interests assigned to their clients hereunder." (*See id.* at 5)  As the magistrate judge noted, these provisions set the assignment at issue apart from those at issue in the cases Revere cites where the assignor asserted some control over the claims.  (Revere R&R at 10.)  Revere does not appear to have raised any new arguments in this regard that require this Court's attention.

In sum, the Court agrees with the magistrate judge that the assignments at issue are valid. Moreover, the Court notes that, because the Revere Motion specifically requests alternative relief in the form of dismissing claims for which no valid assignment exists (Revere Mot. at 25; *see* Objections to Revere R&R at 9), the conclusion of the Revere R&R shall be amended to note that the Revere Motion is granted to the extent that any purported claims of Daimler Chrysler Corporation, Dana Corporation, and General Motors Corporation are dismissed, and the motion is otherwise denied.  With respect to the two additional modifications Revere requests (*Id.* at 10-12), the Court finds that Revere has not set forth an adequate basis for relief in its motion.  However, with respect to the purported ambiguity in the scope of the rights assigned (*i.e.*, whether the assigned claims include those arising under CERCLA § 107(a)), the Court's ruling is made without prejudice for Revere to renew its application if it is able to present admissible evidence that the parties intended to limit the assigned claims to contribution rights pursuant to CERCLA § 113.  To the extent it does not already have it, Revere is entitled to very limited discovery for the sole purpose of obtaining any such evidence.

## CONCLUSION

Upon due consideration and review, the objections are to the R&Rs are overruled, and the R&Rs are adopted with one modification to make clear that any purported claims of Daimler Chrysler Corporation, Dana Corporation, and General Motors Corporation are dismissed from the third-party action.  Accordingly, (i) the Federal TPDs Motion is granted; and (ii) the Revere Motion is granted to the extent that any purported claims of Daimler Chrysler Corporation, Dana Corporation, and General Motors Corporation are dismissed, and the motion is otherwise denied.

SO ORDERED.

Dated:  Brooklyn, New York
        September 19, 2018

                                                          /s/
                                                    DORA L. IRIZARRY
                                                      Chief Judge