*EXECUTION COPY*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DMJ ASSOCIATES, L.L.C.,

    Plaintiff,

v.

CARL A. CAPASSO, et al.,

    Defendant.

Case No. 97 CV 7285 (DLI)(RML)

---

EXXON MOBIL CORPORATION; and
QUANTA RESOURCES CORPORATION,

    Defendants/Third-Party Plaintiffs,

v.

ACE WASTE OIL, INC., et al.,

    Third-Party Defendants.

---

## CONSENT JUDGMENT

    This Consent Judgment (the "Consent Judgment") is entered into between Third-Party Plaintiffs Exxon Mobil Corporation ("ExxonMobil") and Quanta Resources Corporation ("Quanta") (collectively, the "Third-Party Plaintiffs") and Third-Party Defendants the United States of America, United States Army, Navy, Air Force, Coast Guard and Department of Defense (the "Federal Third-Party Defendants").

    **WHEREAS**, on December 10, 1997, DMJ Associates, L.L.C. ("DMJ") filed a complaint in the United States District Court for the Eastern District of New York entitled *DMJ Associates, L.L.C. v. Carl A. Capasso, et al.*, Docket Number CV 97 7285, against Quanta, ExxonMobil and certain other defendants (the "Underlying Litigation"), alleging, *inter alia*, claims pursuant to the Comprehensive Environmental Response, Compensation and Liability Act as amended, 42 U.S.C. §§ 9601-9675 ("CERCLA"), and the Resource Recovery and Conservation Act, 42 U.S.C. § 6901 *et seq.*, with respect to the properties located at 37-30 through 37-32 Review Avenue, 37-98 Railroad Avenue, and 38-20 Railroad Avenue in Long Island City, New York (collectively, the "Capasso Properties"). The complaint in the Underlying Litigation alleged that hazardous substances were present on the Capasso Properties and were released onto the Capasso Properties from the disposal, release or spill of such substances at an adjacent property located at 37-80 Review Avenue formerly owned by Quanta (the "Quanta Property"), and that the Third-Party Plaintiffs and the other defendants in the Underlying Litigation were liable for the costs incurred and to be incurred in response to such releases; and

1

**WHEREAS**, without admitting any of the allegations in the complaint in the Underlying Litigation, certain parties, including Quanta and ExxonMobil (the "DMJ Settling Defendants," identified on Schedule A), entered into a Confidential Settlement Agreement and Mutual Release, dated June 27, 2005, with DMJ (the "DMJ Settlement Agreement") providing, *inter alia*, for the dismissal of all of DMJ's claims with prejudice and without costs; and

**WHEREAS**, on November 24, 2004, the Third-Party Plaintiffs commenced a third-party action (the "DMJ Third-Party Litigation"), using the same Civ. No. as the Underlying Litigation, against certain parties, including the Federal Third-Party Defendants and other third-party defendants (the "Private Third-Party Defendants"), in which the Third-Party Plaintiffs asserted, *inter alia*, claims for cost recovery and contribution under CERCLA; and

**WHEREAS**, the Third-Party Plaintiffs further allege that, pursuant to the DMJ Settlement Agreement, the DMJ Settling Defendants, including the Third-Party Plaintiffs, have paid and will pay certain amounts to remediate the Quanta Property and the property located at 37-32 Review Avenue ("the North Capasso Property"), and are continuing to fund said remediation, which is being conducted pursuant to Brownfield Site Cleanup Agreements W2-1076-05-09 and W2-1078-05-09 and the Site Management Plans for the Quanta Property and the North Capasso Property, respectively, and any amendments thereto (the "Brownfield Remediation Work"); and

**WHEREAS**, the Third-Party Plaintiffs and the Federal Third-Party Defendants (collectively, "the Parties") desire to resolve the claims that were brought and that could have been brought between the Third-Party Plaintiffs and the Federal Third-Party Defendants related to Covered Contamination (as defined below) in the DMJ Third-Party Litigation without further litigation and without a litigated resolution or admission of liability or fault by any party; and

**WHEREAS**, the Parties agree, and this Court finds, that this Consent Judgment is fair, reasonable, lawful and in the public interest.

**Now therefore, it is ordered, adjudged and decreed:**

## I. PARTIES BOUND

1.   The Parties.  The Parties to this Consent Judgment are the Third-Party Plaintiffs and the Federal Third-Party Defendants.

2.   Application of this Consent Judgment.  This Consent Judgment shall apply to, be binding upon, and inure to the benefit of the Parties. This Consent Judgment shall not extend to or inure to the benefit of any party, person or entity other than the Parties, and nothing in this Consent Judgment shall be construed to make any person or entity not executing this Consent Judgment a third-party beneficiary to this Consent Judgment.

## II. EFFECTIVE DATE

3.   Effective Date.  The Effective Date of this Consent Judgment shall be the date on which this Consent Judgment is entered by the Clerk of the United States District Court.

## III. DEFINITIONS

4. Definitions. In addition to the terms defined within the body of this Consent Judgment, whenever the term "Covered Contamination" is used in this Consent Judgment, it shall mean solid wastes, hazardous materials or substances, petroleum, pollutants and/or contaminants at, under, migrating across or emanating from the Quanta Property and/or the Capasso Properties and any other adjacent parcels, if any, impacted by Quanta Property contamination, except that it is expressly agreed and understood by the Parties that, notwithstanding the above, Covered Contamination does not include claims related to any alleged migration of contaminants from the Quanta Property and/or the Capasso Properties to Newtown Creek and for any claims of natural resource damages related to Newtown Creek.

## IV. PAYMENT

5. Payment by the Federal Third-Party Defendants.

(a) As soon as reasonably practicable after the Effective Date, the Federal Third-Party Defendants will pay a total of $490,000 to the Third-Party Plaintiffs in accordance with the wire instruction information to be provided by the Third-Party Plaintiffs no later than the Effective Date of the Consent Judgment.

(b) The Federal Third-Party Defendants' payments under this Paragraph shall not constitute or be construed as the assumption of any role in, the undertaking of any legal, contractual, or other responsibility for, or the approval of or concurrence in, any response actions taken, taking place or that may be taken in the future with respect to the Quanta Property, the Capasso Properties, and any other adjacent parcels, if any, impacted by Quanta Property contamination whether it be Brownfield Remediation Work or other response actions taken to address such contamination

(c) All payment obligations of the Federal Third-Party Defendants under this Consent Judgment are subject to the availability of appropriated funds applicable for that purpose. No provision of this Consent Judgment shall be interpreted as or constitute a commitment or requirement that the Federal Third-Party Defendants are obligated to pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341-44 and 1511-19, or any other applicable provision of law.

## V. RELEASES AND COVENANTS NOT TO SUE

6. Releases and Covenants Not to Sue.

(a) Effective upon receipt by the Third-Party Plaintiffs of payment in full from the Federal Third-Party Defendants pursuant to Section IV above, the Third-Party Plaintiffs covenant not to sue the United States, or any agency thereof, including the Federal Third-Party Defendants, and release, surrender, and forever discharge any and all claims and causes of action, including, but not limited to, claims for attorney's, consultants' and experts' fees, expenses or costs, against the United States, including the Federal Third-Party Defendants, in law or in equity, whether known or unknown, that they have asserted, could have asserted, or hereafter could assert based on CERCLA or any other federal or state statute or common law arising out of or in connection with Covered Contamination. Third-Party Plaintiffs further agree that except for the payment

required by this Consent Judgment, they shall not seek or accept payment or reimbursement from, and hereby assert that they have not been paid or reimbursed by, the United States for investigation or remediation of the Quanta Property, the Capasso Properties or any other adjacent parcels, if any, impacted by Covered Contamination in connection with past, existing, or future contracts or other agreements with, or grants or subsidies funded by or received from, the United States. If the Third-Party Plaintiffs become aware of or are offered any such payment, reimbursement or benefit, they shall promptly give notice of the terms of this Consent Judgment to the individual, agency or other entity that is offering or has provided such payment, reimbursement or other benefit, and shall simultaneously notify the Federal Third-Party Defendants at the address specified below.

(b)     Except as provided in Paragraph 7, the United States, including the Federal Third-Party Defendants, hereby covenants not to sue the Third-Party Plaintiffs, their officers, directors, shareholders, members, agents, employees and servants in their individual and corporate capacity, and their predecessors, successors, assigns, affiliates, parent companies, subsidiaries and related entities (the "Releasees") and releases, surrenders, and forever discharges any and all claims and causes of action, including, but not limited to, claims for attorney's, consultants' and experts' fees, expenses or costs, against the Releasees in law or in equity, whether known or unknown, that it has asserted, could have asserted, or hereafter could assert based on CERCLA or any other federal or state statute or common law arising out of or in connection with Covered Contamination.

7.      **Reservation of Rights by United States.** The United States specifically reserves its right to assert any claims or causes of action brought on behalf of EPA or a federal natural resources trustee, and nothing in this Consent Judgment shall constitute or be construed as a waiver, limitation or release of any claims or causes of action by the United States to enforce any federal laws or regulations at or in connection with the Quanta Property or the Capasso Properties. The Third-Party Plaintiffs specifically reserve any and all claims or defenses with respect to the United States' reservation of rights set forth in this Paragraph, except that the Third-Party Plaintiffs shall not seek contribution by the United States for the claims they asserted in the DMJ Third-Party Litigation other than the payment required by this Consent Judgment. In addition, the Parties specifically reserve the right to seek judicial enforcement of the terms of this Consent Judgment.

8.      **Survivability of Release and Covenant to Sue.** The releases and covenants not to sue set forth in Paragraph 6 shall survive, and are in no way affected by, any termination of any settlement agreement(s) resolving the DMJ Third-Party Litigation among and between the Third-Party Plaintiffs and some or all of the Private Third-Party Defendants.

9.      **Third Parties and Reservations of Rights.**

(a)     Nothing in this Consent Judgment shall be construed to release or provide contribution protection to any person or entity not executing this Consent Judgment from any liability whatsoever.

(b)     Nothing in this Consent Judgment shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Judgment. The preceding sentence

shall not be construed to waive or nullify any rights that any person not a signatory to this Consent Judgment may have under applicable law.

(c) Each of the Parties expressly reserves any and all rights (including, but not limited to, any right of contribution), defenses, claims, demands, and causes of action relating in any way to Covered Contamination or this Consent Judgment which each Party has and/or may have against any person not a Party hereto. Nothing in this Consent Judgment diminishes the right of the United States pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f) to pursue any such persons to obtain response costs and to enter into settlements that give rise to contribution protection under Section 113(f)(2).

## VI. BROWNFIELD REMEDIATION WORK

10. The United States shall not be held out as a party to any contract with respect to carrying out the Brownfield Remediation Work. No contractor or subcontractor performing the Brownfield Remediation Work shall be considered an agent or representative of the United States, including the Federal Third-Party Defendants.

## VII. CLAIM PROTECTION

11. With regard to any claim for costs or damages or other claims against the United States arising out of or in connection with Covered Contamination, the Parties acknowledge and agree, and by entering this Consent Judgment, this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that the United States is entitled, as of the Effective Date of this Consent Judgment, to contribution protection pursuant to CERCLA section 113(f), 42 U.S.C. § 9613(f), the Uniform Comparative Fault Act, or as may be otherwise provided by law, for Covered Contamination, whether by statute or common law, extinguishing the United States' liabilities to persons not a Party to this Consent Judgment. Any rights the United States may have to obtain contribution or otherwise recover costs or damages from persons not a Party to this Consent Judgment are preserved.

## VIII. DISMISSAL OF CLAIMS

12. Consistent with the Stipulation of Voluntary Dismissal with Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) to be filed with the Court immediately after this Consent Judgment is so ordered, subject to the exception set forth in such Stipulation of Voluntary Dismissal and summarized in this paragraph, the Third-Party Plaintiffs and the Federal Third-Party Defendants agree that any claims that the Third-Party Plaintiffs or the Federal Third-Party Defendants brought or could have brought related to Covered Contamination are voluntarily dismissed with prejudice, without costs assessed by the Court against any Party, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), except that the Court will retain jurisdiction as set forth in Paragraph 21 below. As set forth in such Stipulation of Voluntary Dismissal, the United States specifically reserves its right to assert any claims or causes of action brought on behalf of EPA or a federal natural resources trustee and nothing in this Consent Judgment shall constitute or be construed as a waiver, limitation or release of any claims or causes of action by the United States to enforce any federal laws or regulations at or in connection with the Quanta

5

Property and/or the Capasso Properties and any other adjacent parcels, if any, impacted by Covered Contamination.

## IX. GENERAL PROVISIONS

13.  Complete Agreement. This Consent Judgment contains the complete agreement between the Parties regarding the subject matter addressed herein and fully supersedes all prior contracts, agreements, understandings, negotiations or discussions, oral or written, between the Parties relating to the subject matter hereof. There are no warranties, representations, agreements or understandings, oral or written, between the Parties relating to the subject matter hereof that are not fully expressed or provided for herein, and no party to this Consent Judgment is relying upon warranties, representations, agreements or understandings, other than those that are set forth herein.

14.  Modification. This Consent Judgment shall not be modified or amended except by mutual written consent of the Parties.

15.  Headings. Any section and paragraph headings in this Consent Judgment are provided solely as a matter of convenience to the reader and shall not be construed to alter the meaning of any paragraph or provisions of this Consent Judgment.

16.  Governing Law. This Consent Judgment shall be governed and interpreted in accordance with United States federal law.

17.  Successors and Assigns. This Consent Judgment shall be binding on any successors and assigns of the Parties. Any change of ownership, corporate or other legal status of any Party to this Consent Judgment, including, but not limited to, a transfer of assets or real or personal property, shall in no way alter the obligations of any of the Parties under this Consent Judgment.

18.  Effect of Execution and Entry of Consent Judgment. This Consent Judgment shall not constitute or be construed as an admission of liability by any Party or as an admission of violation of any law, rule, regulation or policy by any Party. Furthermore, this Consent Judgment shall not constitute or be construed as an admission or denial by any Party with respect to any factual allegation set forth in the complaint or third-party complaints or elsewhere, or with respect to any factual or legal issue that was, or could have been, raised during the Underlying Litigation or the DMJ Third-Party Litigation.

19.  No Use As Evidence. This Consent Judgment shall not be admissible as evidence in any proceeding other than: (i) an action, cross-claim, or counterclaim brought by the United States, including the Federal Third-Party Defendants, or the Third-Party Plaintiffs, either individually or jointly, to enforce this Consent Judgment; (ii) an action, cross-claim, or counterclaim brought by the United States, including the Federal Third-Party Defendants, against third parties to recover costs pursuant to sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607, 9613; or (iii) any proceeding where the United States, including the Federal Third-Party Defendants, seeks to establish that it is entitled to contribution protection.

20. <u>Non-Parties to This Consent Judgment.</u> Nothing in this Consent Judgment is intended to be, nor shall be construed as a waiver, release or covenant not to sue for any claim or cause of action, administrative or judicial, in law or in equity, which the Parties may have against any person, firm, partnership, trust, corporation, or any other entity that is not a Party to this Consent Judgment.

21. <u>Retention of Jurisdiction.</u> This Court retains jurisdiction over both the subject matter of this Consent Judgment and the Parties for the purpose of enabling any Party to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Judgment or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with the provisions of this Consent Judgment.

22. <u>Notices.</u> Whenever, under the terms of this Consent Judgment, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the parties at the addresses specified on the Schedule B hereto, unless those parties or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided herein. All notices shall be sent by overnight carrier.

23. <u>Original Counterparts.</u> This Consent Judgment may be executed in any number of original counterparts, which together shall be deemed to constitute one agreement. The execution of one counterpart by any Party shall have the same force and effect as if that Party had signed all other counterparts.

24. <u>Representative Authority.</u> Each signatory to this Consent Judgment hereby certifies that s/he has been duly authorized to enter into this Consent Judgment by the Party on whose behalf the signatory indicates s/he is signing.

25. <u>Final Judgment.</u> Upon approval and entry of this Consent Judgment by the Court, this Consent Judgment shall be in effect and shall constitute a final judgment between the Parties with respect to the claims resolved by the Consent Judgment, and this action shall be dismissed with prejudice as to the Federal Third-Party Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

The undersigned parties enter into this Consent Judgment in Civil Action No. 97-CV-7285:

For Third-Party Plaintiffs Exxon Mobil Corporation and Quanta Resources Corporation:

        QUANTA RESOURCES CORPORATION

By: _____
        Allen G. Reiter, Esq.
        Arent Fox LLP
        *Attorneys for Quanta Resources Corporation*

        EXXON MOBIL CORPORATION

By: _____
        Andrew E. Anselmi, Esq.
        McCusker, Anselmi, Rosen & Carvelli, P.C.
        *Attorneys for Exxon Mobil Corporation*

For Third-Party Defendants United States Department of the Air Force; United States Department of the Army; United States Department of the Coast Guard; United States Department of Defense; United States Department of the Navy; United States of America:

        RICHARD P. DONOGHUE
        United States Attorney
        Eastern District of New York
        *Attorneys for Federal Third-Party Defendants*

By: _____
        Kevan Cleary
        Assistant United States Attorney
        United States Attorney's Office
        Eastern District of New York
        271 Cadman Plaza East, 7th Floor
        Brooklyn, NY 11201

**SO ORDERED THIS** _____
**DAY OF** _____, 2019.

        _____
        **HONORABLE DORA L. IRIZARRY**
        **UNITED STATES CHIEF DISTRICT JUDGE**

The undersigned parties enter into this Consent Judgment in Civil Action No. 97-CV-7285:

For Third-Party Plaintiffs Exxon Mobil Corporation and Quanta Resources Corporation:

        QUANTA RESOURCES CORPORATION

        By: _____
            Allen G. Reiter, Esq.
            Arent Fox LLP
            *Attorneys for Quanta Resources Corporation*

        EXXON MOBIL CORPORATION

        By: [signature]
            Andrew E. Anselmi, Esq.
            McCusker, Anselmi, Rosen & Carvelli, P.C.
            *Attorneys for Exxon Mobil Corporation*

For Third-Party Defendants United States Department of the Air Force; United States Department of the Army; United States Department of the Coast Guard; United States Department of Defense; United States Department of the Navy; United States of America:

        RICHARD P. DONOGHUE
        United States Attorney
        Eastern District of New York
        *Attorneys for Federal Third-Party Defendants*

        By: _____
            Kevan Cleary
            Assistant United States Attorney
            United States Attorney's Office
            Eastern District of New York
            271 Cadman Plaza East, 7th Floor
            Brooklyn, NY 11201

**SO ORDERED THIS** ____
**DAY OF** _____, 2019.

        _____
        **HONORABLE DORA L. IRIZARRY**
        **UNITED STATES CHIEF DISTRICT JUDGE**

The undersigned parties enter into this Consent Judgment in Civil Action No. 97-CV-7285:

For Third-Party Plaintiffs Exxon Mobil Corporation and Quanta Resources Corporation:

QUANTA RESOURCES CORPORATION

By: _____
Allen G. Reiter, Esq.
Arent Fox LLP
*Attorneys for Quanta Resources Corporation*

EXXON MOBIL CORPORATION

By: _____
Andrew E. Anselmi, Esq.
McCusker, Anselmi, Rosen & Carvelli, P.C.
*Attorneys for Exxon Mobil Corporation*

For Third-Party Defendants United States Department of the Air Force; United States Department of the Army; United States Department of the Coast Guard; United States Department of Defense; United States Department of the Navy; United States of America:

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
*Attorneys for Federal Third-Party Defendants*

By: _____
Kevan Cleary
Assistant United States Attorney
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, NY 11201

SO ORDERED THIS 26th
DAY OF September, 2019.
Brooklyn, NY

s/Dora L. Irizarry, Chief USDJ
HONORABLE DORA L. IRIZARRY
UNITED STATES CHIEF DISTRICT JUDGE

8

## SCHEDULE A

Arconic Inc. (f/k/a/ Alcoa)
BASF Corporation
Beazer East, Inc. (f/k/a Koppers Company, Inc.)
BorgWarner Morse Tec, LLC, as successor by merger to Borg-Warner Corporation
Carrier Corporation
Electric Boat Corporation, A General Dynamics Company
Exxon Mobil Corporation
Ford Motor Company
The Hertz Corporation
Honeywell International, Inc. (f/k/a Allied Signal, Inc.)
Ingersoll-Rand Company
Northrop Grumman Systems Corporation (o/b/o North Grumman
    Systems Corporation, Grumman Aerospace Corp. and Northrop
    Grumman Space & Mission System Corporation (TRW, Inc.))
Quality Carriers, Inc. (f/k/a Chemical Leaman Tank Lines, Inc.)
Quanta Resources Corporation
Reynolds Metals Company, LLC (f/k/a Reynolds Metals Company)
Rockwell Automation, Inc.
Sikorsky Aircraft Corporation
Stanley Black & Decker, Inc.
United Technologies Corporation

## SCHEDULE B

## NOTIFICATION

**If to Exxon Mobil Corporation:**

To: Jeffrey S. Kuhn, Esq.
Senior Litigation Counsel
Exxon Mobil Corporation
22777 Springwoods Village Parkway
N1.4B.335
Spring, Texas 77389

With a Copy to: Maura W. Sommer
McCusker, Anselmi, Rosen & Carvelli, P.C.
210 Park Avenue, Suite 301,
Florham Park, NJ 07932

**If to Quanta Resources Corporation:**

To: Quanta Resources Corporation
c/o Ms. Sherry Schlangel
230 Stuart Drive
New Rochelle, NY 10804

With a Copy to: Allen G. Reiter
Arent Fox LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019

**If to the United States United States of America, United States Army, Navy, Air Force, Coast Guard and Department of Defense:**

To: Kevan Cleary
Assistant United States Attorney
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, NY 11201